[No. B025502. Second Dist., Div. Seven. Sept. 16, 1987.]

NORMA SKLAR, Plaintiff and Appellant, v.
PRINCESS PROPERTIES INTERNATIONAL, LTD., Defendant
and Respondent.

**COUNSEL**

Lewitt, Hackman Hoefflin, Shapiro & Marshall, Andrew L. Shapiro and Douglas G. Benedon for Plaintiff and Appellant.

Hagenbaugh & Murphy and Rodney W. Bell for Defendant and Respondent.

**OPINION**

**LILLIE, P. J.**—Plaintiff appeals from an order granting motion to quash service of summons[1] in Bermuda upon defendant Princess Properties International, Ltd., in a personal injury action.

### FACTS

Plaintiff sued Princess Properties International, Ltd.,[2] to recover damages for personal injuries allegedly sustained by plaintiff when she slipped and

---

[1] The order is appealable. (Code Civ. Proc., § 904.1, subd. (c).)

[2] Also named as a defendant was Princess Hotels International, Inc. The motion of said defendant for summary judgment was granted.

fell on the premises of the Hamilton Princess Hotel in Hamilton, Bermuda, owned by defendant.

Defendant, a Bermuda corporation, was personally served with process in Bermuda. Defendant appeared specially and moved to quash service of summons on the ground that the court lacked personal jurisdiction over defendant. (Code Civ. Proc., § 418.10.) In support of the motion defendant submitted the affidavit of its corporate secretary who stated: Defendant owns no land or other property, has no employees, and does not operate in any manner, in California or any other state in the United States; while the Hamilton Princess Hotel may be advertised or promoted in California, such advertising is conducted by entities other than defendant for their own business advantage; no such advertising or promotion is conducted by defendant.

In opposition to the motion plaintiff made the following showing: Plaintiff is, and at all times mentioned was, a resident of California. To the best of her knowledge all arrangements for plaintiff's trip to the Hamilton Princess Hotel, in April 1985, were made in California. Prior to making such arrangements, plaintiff read and relied on advertisements for the hotel which she received in California. Plaintiff "believed that the Princess Hotel had an office in California and all arrangements for [her] trip would be made directly with the hotel through this office." On October 1, 1983, defendant and Princess Hotels International, Inc. (PHI), a Delaware corporation, entered into a written agreement whereby PHI was to provide defendant with "sales and marketing, reservation and administrative support services" for defendant's hotels, including the Hamilton Princess Hotel. The agreement provided that PHI could continue to render services of the type specified therein to companies other than defendant and that defendant had the right to acquire such services from companies other than PHI. Since July 31, 1985, PHI has maintained offices in California, at Los Angeles and San Diego; before that date PHI maintained an office in San Francisco. In 1985, 413 rooms at the Hamilton Princess Hotel were sold to California residents through PHI; this was 3.7 percent of the total number of rooms at that facility sold in 1985. PHI's computerized reservation system is incapable of verifying that the rooms sold to California residents were sold through PHI's California offices.

The trial court granted the motion to quash service of summons.[3] This appeal followed.

---

[3] The minute order granting the motion reads: "Moving party is a Bermuda corporation that does no business in U.S. or California, nor owns property in U.S. or California; has no employees in U.S. of [sic] Calif. and does not advertise in U.S. or Calif. Opposition claims [PHI] is agent of moving party. Even if that were so, mere advertising in Cal. is, standing

## DISCUSSION

■ Plaintiff argues, as she did below, that PHI was an agent of defendant and therefore PHI's activities in California subjected defendant to personal jurisdiction here. The significant test of an agency relationship is the principal's right, which need not be exercised, to control the activities of the agent. (*McCollum* v. *Friendly Hills Travel Center* (1985) 172 Cal.App.3d 83, 91 [217 Cal.Rptr. 919].) Under the agreement of defendant and PHI, which required that PHI render the specified services in accordance with the instructions of defendant, an agency relationship existed between the parties. Thus, PHI's activities were imputable to defendant for the purpose of establishing personal jurisdiction over defendant. (See *Rice Growers Assn.* v. *First National Bank* (1985) 167 Cal.App.3d 559, 572 [214 Cal.Rptr. 468].) The question is whether those activities were such as to subject defendant to personal jurisdiction in California.

Under Code of Civil Procedure section 410.10, a California court may exercise jurisdiction over nonresidents on any basis not inconsistent with the United States or California Constitutions. ■ This statute manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations. (*Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 445 [128 Cal.Rptr. 34, 546 P.2d 322].) As a general constitutional principle, a court may exercise personal jurisdiction over a nonresident so long as he has such minimal contacts with the state that ". . . the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*Internat. Shoe Co* . v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057].) ■ Where a nonresident corporation's activities within the state are sufficiently wide-ranging, systematic and continuous, it may be subject to jurisdiction there on all causes of action whether or not they are related to those activities. (*Secrest Machine Corp* . v. *Superior Court* (1983) 33 Cal.3d 664, 669 [190 Cal.Rptr. 175, 660 P.2d 399]; *Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264].) ■ Absent such pervasive activities, jurisdiction depends upon the quality and nature of the nonresident's activity in the forum in relation to the particular cause of action. "In such a situation, the cause of action must arise out of an act done or transaction consummated in the forum, or defendant must perform some other act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. . . . The crucial inquiry concerns the character of defendant's activity in the forum, whether the cause of action arises out of or has a substantial

alone, an insufficient basis for personal jurisdiction, i.e. *Circus Circus* [*Hotels, Inc* . v. *Superior Court* (1981) 120 Cal.App.3d 546 (174 Cal.Rptr. 885)]."

connection with that activity, and upon the balancing of the convenience of the parties and the interests of the state in assuming jurisdiction. [Citations.]" (*Cornelison* v. *Chaney, supra,* 16 Cal.3d 143, 148.)

The record indicates that PHI's sole activity in California on behalf of defendant was the distribution of advertisements for defendant's hotels, including the Hamilton Princess Hotel.[4] Under the agreement between PHI and defendant, PHI performed such services for defendant on a nonexclusive basis, i.e., defendant had the right to engage others to perform those services for it and PHI had the right to render like services to clients other than defendant. "Although a foreign corporation may have sufficient contacts with a state to justify an assumption of jurisdiction over it to enforce causes of action having no relation to its activities in that state [citations], *more contacts are required for the assumption of such extensive jurisdiction than sales and sales promotion within the state by independent nonexclusive sales representatives.* [Citations.] To hold otherwise would subject any corporation that promotes the sales of its goods on a nationwide basis to suit anywhere in the United States without regard to other considerations bearing on 'the fair and orderly administration of the laws which it was the purpose of the due process clause to insure.' [Citations.]" (*Fisher Governor Co* . v. *Superior Court* (1959) 53 Cal.2d 222, 225 [1 Cal.Rptr. 1, 347 P.2d 1]; italics added. See also *Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 864-865 [126 Cal.Rptr. 811, 544 P.2d 947]; *Circus Circus Hotels, Inc* . v. *Superior Court, supra,* 120 Cal.App.3d 546, 565-566; *Foster* v. *Mooney Aircraft Corp.* (1977) 68 Cal.App.3d 887, 893 [137 Cal.Rptr. 694].)

It follows that PHI's activities in California do not subject defendant to general jurisdiction here. The validity of California's exercise of personal jurisdiction over defendant therefore depends upon whether there is a substantial connection between plaintiff's cause of action and PHI's activities in this state. (See *Buckeye Boiler Co* . v. *Superior Court* (1969) 71 Cal.2d 893, 898-899 [80 Cal.Rptr. 113, 458 P.2d 57].)

For the requisite connection to exist, "the cause of action must arise out of an act done or transaction consummated in the forum, or defendant must perform some other act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." (*Cornelison* v. *Chaney, supra,* 16 Cal.3d 143, 148.) In her declaration in opposition to defendant's motion to quash, plaintiff stated that to the best of her knowledge the reservation and payment for her trip to the Hamilton Princess Hotel were made in California

---

[4] As discussed in greater detail *post,* while PHI sold rooms in the Hamilton Princess Hotel to California residents, it was not established that such rooms were sold through PHI's California offices.

and "[a]t the time said arrangements were made, it was my belief that all arrangements were being made directly with the Princess Hotel through their office located in California." The declaration does not even mention PHI, much less establish that plaintiff made and paid for her reservations at the Hamilton Princess Hotel through PHI, defendant's nonexclusive representative in California. "Where a defendant properly moves to quash out-of-state service for lack of jurisdiction, the burden is upon the plaintiff to establish the facts of jurisdiction by a preponderance of the evidence. . . . On review of an order granting a motion to quash, the facts must be viewed most favorably to the defendant." (*Messerschmidt Development Co.* v. *Crutcher Resources Corp.* (1978) 84 Cal.App.3d 819, 825 [149 Cal.Rptr. 35]; see also *A.I.U. Ins. Co.* v. *Superior Court* (1986) 177 Cal.App.3d 281, 285 [222 Cal.Rptr. 880].) Plaintiff did not sustain that burden. She produced no evidence that defendant, through PHI in California, sold plaintiff accommodations at defendant's hotel where plaintiff sustained the personal injuries for which she sues. Even had plaintiff made such a showing, the connection between her cause of action and defendant's activities in California would not appear. It cannot seriously be contended that sale to plaintiff in California of accommodations at defendant's hotel in Bermuda was the proximate cause of plaintiff's personal injuries allegedly sustained in a slip-and-fall accident at the hotel; in other words, it cannot be said that the accident would not have happened but for the sale of the hotel accommodations to plaintiff. (See *Circus Circus Hotels, Inc.* v. *Superior Court, supra,* 120 Cal.App.3d 546, 569; *Ratcliffe* v. *Pedersen* (1975) 51 Cal.App.3d 89, 95-96 [123 Cal.Rptr. 793].)

When the second criterion for establishing the requisite connection between defendant's local activities and plaintiff's cause of action is applied to the facts herein, plaintiff fares no better. An enterprise obtains the benefits and protection of our laws if as a matter of commercial reality it has engaged in economic activity within this state. (*Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d 893, 901.) The defendant conducts economic activity within the state as a matter of commercial reality where the purchase or use of its product within the state generates income for the defendant and is not so fortuitous or unforeseeable as to negative the existence of intent on his part to bring about this result. (*Id.,* at p. 902; *Rice Growers Assn.* v. *First National Bank, supra,* 167 Cal.App.3d 559, 567.) Under these criteria defendant performed no economic activity within California. PHI had a nonexclusive agreement with defendant to provide reservation and sales services for defendant's hotels; PHI maintained offices in California and while it sold rooms in defendant's Hamilton Princess Hotel to California residents, PHI was unable to ascertain whether such rooms were sold through its California offices. There was no evidence that PHI, acting on behalf of defendant, actually sold *in California* rooms at any of defendant's

hotels. Accordingly, plaintiff failed to establish that defendant, acting through PHI, "purposefully availed [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." (*Cornelison* v. *Chaney, supra,* 16 Cal.3d 143, 148.)

"To summarize, it is an obvious corollary to *Fisher Governor* [*Co.* v. *Superior Court, supra,* 53 Cal.2d 222] that sales and travel promotion activities within this state, either through agents or by advertising . . . , do not, without more, operate to confer in personam jurisdiction over a nonresident defendant instituting such activities, where the plaintiff *seeks to recover in California from such defendant for a grievance occurring in the course of recreational activities wholly outside the forum state,* even though the plaintiff's sojourn outside the forum state was in response to such promotional activities." (*Circus Circus Hotels, Inc.* v. *Superior Court, supra,* 120 Cal.App.3d 546, 572; italics in original.)

Inasmuch as defendant's contacts with California were insufficient to justify jurisdiction, it is unnecessary to balance the inconvenience of defending the action in this state against the interests of plaintiff in suing locally and of the state in assuming jurisdiction. (*Sibley* v. *Superior Court, supra,* 16 Cal.3d 442, 448.)

### DISPOSITION

The order is affirmed.

Thompson, J., and Johnson, J., concurred.