[No. B067890. Second Dist., Div. Four. Feb. 15, 1995.]

PAUL HESSE, Plaintiff and Appellant, v.
BEST WESTERN INTERNATIONAL, INC., Defendant and Respondent.

## COUNSEL

Neil J. Fraser for Plaintiff and Appellant.

Millard, Stack & Stevens, Paul A. Kopf and Bradford T. Child for Defendant and Respondent.

## OPINION

**HASTINGS, J.**—Appellant Paul Hesse was injured in December 1990 while a guest at the Posada Real Best Western Hotel (the Posada) in the City of San Jose Del Cabo, Baja California, Mexico. He filed a personal injury lawsuit in 1991 in the Los Angeles County Superior Court, naming the Posada, Jig Stop Tours, a California travel agency, and respondent Best Western International, Inc. (respondent). Respondent, an Arizona corporation, moved to quash service of the summons and complaint and to dismiss the action for lack of personal jurisdiction, or, in the alternative, to stay or dismiss based on an inconvenient forum. The trial court granted the motion to quash, citing Sklar v. *Princess Properties International, Ltd.* (1987) 194 Cal.App.3d 1202 [240 Cal.Rptr. 102], and the action was subsequently dismissed as to respondent.[1] This appeal followed.

The narrow issue presented by this case is whether respondent may be compelled to respond to jurisdiction in California for a suit involving appellant's accident which occurred in Baja California. Respondent argues that it has insufficient overall contacts with this state for the state to entertain general jurisdiction over it. It further argues that the facts surrounding appellant's contacts with the Posada do not include any transactional connection with respondent to establish a nexus for transactional jurisdiction to be exercised.

We find that respondent's overall purposeful contacts with the state are sufficient to establish general jurisdiction over respondent, as compared to

---

[1] It is unclear from the record whether the action proceeded as to the remaining defendants.

jurisdiction arising out of the particular transaction giving rise to the claim. We reverse the judgment (order of dismissal).

### STATEMENT OF FACTS

1. *The evidence relating to the incident in question.*

Appellant, who lives in Pasadena, California, decided to take a vacation to San Jose Del Cabo. He responded to an advertisement in the Western Outdoor Weekly magazine, placed by Jig Stop Tours, relating to the Posada. The advertisement listed a toll-free "800" number which appellant called to make the reservation. While appellant was a guest at the Posada, a large plate glass window broke, striking appellant, resulting in severe personal injury to him. He claims the incident has caused permanent injury resulting in loss of income and medical bills from treatment rendered in California. Appellant's suit claims that the Posada "is affiliated with [respondent] . . . as part of the latter['s] . . . 'membership organization' . . ." and, based upon various legal theories, that respondent is legally liable for his injuries.[2]

2. *The evidence relating to respondent's connections to the State of California.*

In a declaration in support of the motion to quash, Dorian LeFre (LeFre), a legal administrator for respondent, explained the business of respondent as follows: "[Respondent] acts in the manner of a cooperative marketing association. It licenses the use of [respondent's] name and logo, operates a cooperative reservation system and engages in joint advertising, among other things." The declaration also indicates that respondent has "a two-person" office in Los Gatos, California, where respondent "solicits guests for its affiliate members." The declaration concluded: "[Respondent] does not itself own, operate or lease any lodging properties. All such properties are owned, operated or leased by [respondent's] members. [¶] [Respondent] is a non-profit corporation organized under the laws of the State of Arizona. It owns no real or personal property in California, maintains no bank accounts in California and conducts no business within the state." The declaration disavowed that respondent had any connection with the advertisement placed by Jig Stop Tours which prompted appellant to book his reservation. Respondent apparently does not dispute the fact that the Posada is a participating member of its marketing organization.

In opposition to the motion to quash, appellant presented evidence which established the following contacts with California. Since June 20, 1984,

---

[2]Because the only issue we deal with relates to jurisdiction, we make no determination in regard to any liability aspects of the claim.

respondent has been authorized to do business in California and has a designated agent in California for service of process. There are approximately 295 participating licensed members of respondent located in the State of California. These 295 members are advertised in a "Best Western International Road Atlas and Travel Guide" giving locations, phone numbers and maps indicating the several locations of each hotel. Respondent maintains a listing in the Los Angeles telephone directory for a "Best Western International's Worldwide Sales Office" located in Los Angeles at a phone number in the Los Angeles area. Respondent maintains two toll-free "800" numbers, one of which allows customers to reserve rooms anywhere within the system, including California, and the other for customer service. Appellant also submitted evidence that respondent has made a general appearance in another lawsuit in California.

Respondent filed a second declaration of LeFre in reply which did not dispute any of the above facts except for the reference to the Los Angeles office. LeFre indicated that the sales office in Los Angeles had been closed, and that any calls placed to that office were referred to the two-person sales promotion office in Los Gatos, California.

## DISCUSSION

There are two concepts of personal jurisdiction upon which the state can base jurisdiction over a defendant: general jurisdiction and special, or transactional, jurisdiction. "California's long-arm statute authorizes California courts to exercise jurisdiction over nonresidents on any basis not inconsistent with the federal or state Constitution. (Code Civ. Proc., § 410.10.) The due process clause of the United States Constitution permits personal jurisdiction over a party in any state with which the party has 'certain minimum contacts . . . such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." [Citation.]' (*International Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057].) 'If a nonresident's activities are sufficiently wide-ranging, systematic and continuous, it may be subject to jurisdiction within the state on a cause of action unrelated to those activities. [General jurisdiction.] However, where the activity is less extensive, the cause of action must arise out of or be connected with the defendant's forum-related activity.' [Transactional jurisdiction.] (*Walter* v. *Superior Court* (1986) 178 Cal.App.3d 677, 680 [224 Cal.Rptr. 41].)" (*State of Oregon* v. *Superior Court* (1994) 24 Cal.App.4th 1550, 1556 [29 Cal.Rptr.2d 909].)

As previously indicated, the trial court relied upon *Sklar* v. *Princess Properties International, Ltd.*, *supra*, 194 Cal.App.3d 1202, to grant the

motion to quash. Respondent also relies on this case. It is true that the *Sklar* case holds that mere advertising and reservation availability in the State of California does not give rise to transactional jurisdiction for personal injuries suffered by a patron at the out-of-state hotel.[3] The *Sklar* court also found that there was insufficient evidence to support a claim of general jurisdiction over the defendant in that case, a distinction which is important to this case.

In *Sklar*, the plaintiff slipped and fell, injuring herself, at the Hamilton Princess Hotel in Bermuda. This hotel was owned and operated by defendant Princess Properties International Ltd. (Properties), a Bermuda corporation. She sued Properties in California. Properties brought a motion to quash. Plaintiff, a California resident, claimed to have made her arrangements to stay at this hotel through an *agent* of Properties, Princess Hotels International, Ltd. (PHI), a Delaware corporation. She claimed that she read an advertisement for the hotel in California and made her arrangements while in California. She asserted that the activity of PHI in California on behalf of Properties was sufficient to establish general jurisdiction over Properties. In the alternative, she claimed that by making the reservations while in California, there was a sufficient transactional nexus to claim that the action arose out of the activity performed in California. The trial court granted the motion to quash and the appellate court denied a petition for writ of mandate. In denying the petition for writ of mandate, the court held that even if plaintiff had established that she had made arrangements through PHI's California offices, "the connection between her cause of action and defendant's activities in California would not appear. It cannot seriously be contended that sale to plaintiff in California of accommodations at defendant's hotel in Bermuda was the proximate cause of plaintiff's personal injuries allegedly sustained in a slip-and-fall accident at the hotel; in other words, it cannot be said that the accident would not have happened but for the sale of the hotel accommodations to plaintiff. [Citations.]" (*Sklar* v. *Princess Properties International, Ltd.*, *supra*, 194 Cal.App.3d at p. 1208.) Moreover, it held: "defendant performed no economic activity within California. . . . There was no evidence that PHI, acting on behalf of defendant, actually sold *in California* rooms at any of defendant's hotels." (*Id.* at pp. 1208-1209, italics in original.) Thus, neither test was met in *Sklar*.

To the extent that the trial court focused upon *Sklar* as a transactional case and applied it to the instant case, the ruling would have been correct. The evidence here does not support jurisdiction based upon a transactional

---

[3]See also *Circus Circus Hotels, Inc.* v. *Superior Court* (1981) 120 Cal.App.3d 546 [174 Cal.Rptr. 885], with the same result.

relationship with the incident.[4] However, the evidence does establish continuous and purposeful transactions with the State of California for general jurisdiction.

Since 1984, respondent has been authorized to do business in California and has designated an agent for service of process within the state. Respondent licenses approximately 295 members of its organization in the State of California, each of whom does business in the state. At oral argument, counsel for respondent conceded that it is reasonable to draw inferences from the fact of licensing that respondent receives licensing fees from each of the licensees and also demands and enforces certain minimum standards from the licensees for use of the Best Western name. Respondent maintains a business office in Los Gatos, California, presumably with California residents as its employees, from which it solicits guests for its affiliate members. Respondent advertises collectively for those affiliate members, utilizing its trade name and logo in the state, and maintains a cooperative reservations system which caters to citizens of the state and through which they can book reservations elsewhere. This is concerted activity by respondent, not an agent, within the State of California, which directly benefits respondent and its members. By intentionally availing itself of benefits within California, respondent submits itself to the jurisdiction of the state even absent transactional connection with the incident giving rise to the claim. (*Hanson* v. *Denckla* (1958) 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228]; *Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893, 904-907 [80 Cal.Rptr. 113, 458 P.2d 57]; *Koninklijke L.M.* v. *Superior Court* (1951) 107 Cal.App.2d 495 [237 P.2d 297].)

## DISPOSITION

The judgment (order of dismissal) is reversed and the case is remanded to the trial court for further proceedings. Costs are awarded to appellant.

Woods (A. M.), P. J., and Epstein, J., concurred.

---

[4]The record is silent whether the "800" number appellant actually called in response to the advertisement is one of the numbers maintained by respondent for its organizational members. In any event, that sole connection is not sufficient to establish transactional jurisdiction according to *Sklar* v. *Princess Properties International, Ltd., supra,* 194 Cal.App.3d 1202, and *Circus Circus Hotels, Inc.* v. *Superior Court, supra,* 120 Cal.App.3d 546.