[No. B018652. Second Dist., Div. Five. Mar. 11, 1986.]

MAX WALTER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SYLVIA FISCHER, Real Party in Interest.

678

---

**COUNSEL**

Levine & Leonard and Richard Leonard for Petitioner.

No appearance for Respondent.

Joan C. Bell for Real Party in Interest.

OPINION

**FEINERMAN, P. J.**—Petitioner seeks a writ of mandate directing the respondent court to grant his motion to quash service of summons (Code Civ. Proc., § 418.10) for lack of personal jurisdiction.

Petitioner is a widower who lives in New Jersey. Real party, the plaintiff in this case, is the sister of petitioner's deceased wife. Plaintiff alleges in her complaint that petitioner, in a series of telephone calls, induced her to move to New Jersey to be his "companion for travel, social and cultural events and to be his confidante." Petitioner allegedly promised to support plaintiff for the rest of her life, provide her with medical insurance through his company, pay her a large sum of money, and buy her a new car. Plaintiff claims that in reliance on petitioner's promises, she resigned her job, with its attendant benefits, and moved to New Jersey to live with petitioner. The situation proved unsatisfactory and plaintiff returned to California.

Plaintiff filed the present action against petitioner seeking (1) the amount of money petitioner allegedly promised to give her whether or not the living arrangement was successful, (2) a new car or the equivalent in cash, and (3) damages plaintiff alleges she has incurred or will incur in the future as the result of leaving her job and home in California.

Petitioner brought a motion to quash on the grounds that California did not have personal jurisdiction over him. The court denied the motion, making the following findings:

"All of the defendant's conduct has caused or resulted in substantial economic effect in California and little or none in New Jersey. The agreement alleged to have been reached was accepted in California by Plaintiff. Defendant contacted plaintiff not infrequently or even occasionally, but innumerable times over a period of months, making telephone calls from New Jersey to plaintiff in California. Plaintiff alleges that she gave up her job and lost her pay and benefits associated with that job *in California*. She gave up her apartment and departed California to live in New Jersey. Further, defendant sent money from New Jersey to plaintiff in California.

"The Court is satisfied that defendant has established meaningful 'contacts, ties or relations' with California. (*International Shoe* v. *Washington,*

326 U.S. at 319, 66 S.Ct. at 160.) It is clear that Defendant has 'purposefully directed' his activities at a resident of the forum, and hence has 'fair warning' that California would seek to assert jurisdiction over such a claim. (*Keeton* v. *Hustler Magazine, Inc.*, 465 U.S., 104 S.Ct. 1473 (1984).)

"Finally, the facts of this case meet the effects test of *Calder* v. *Jones*, 465 U.S., 104 S.Ct. 1482 (1984)."

■ Since the material facts are not in conflict, the question of whether petitioner is subject to personal jurisdiction is one of law, and the trial court's determination of that issue is not binding on this court. (*Long* v. *Mishicot Modern Dairy, Inc.* 252 Cal.App.2d 425 [60 Cal.Rptr. 432].) On review, we find that petitioner's relationship to California and the "effects" caused thereby do not meet the constitutional requirements of *International Shoe Co.* v. *Washington, supra,* 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057] and therefore the exercise of jurisdiction would be unreasonable in this case.

■ California's "long-arm" statute (Code Civ. Proc., § 410.10) provides that California may exercise jurisdiction over a nonresident "on any basis not inconsistent with the Constitution of this state or of the United States." In the seminal case of *International Shoe Co.* v. *Washington, supra,* the United States Supreme Court held that "due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (326 U.S. at p. 316 [90 L.Ed. at p. 102].) If a nonresident's activities are sufficiently wide-ranging, systematic and continuous, it may be subject to jurisdiction within the state on a cause of action unrelated to those activities. However, where the activity is less extensive, the cause of action must arise out of or be connected with the defendant's forum-related activity. (*Buckeye Boiler Co.* v. *Superior Court,* 71 Cal.2d 893, 898-899 [80 Cal.Rptr. 113, 458 P.2d 57].) Thus, in determining whether the defendant's contacts with the forum are sufficient to warrant jurisdiction, the courts must focus on "the relationship among the defendant, the forum, and the litigation." (*Shaffer* v. *Heitner,* 433 U.S. 186, 204 [53 L.Ed.2d 683, 698, 97 S.Ct. 2569].) ■ Having analyzed that relationship here, we conclude that petitioner does not have the "minimum contacts" which the Constitution requires to support the exercise of jurisdiction over him by the courts of this state.

Petitioner is a resident of New Jersey, does not do business in California, and in fact does not even travel here. The contract alleged in real party's complaint was not to be performed in California, and if in fact it was

breached, the breach occurred in New Jersey, not California. It is conceded that petitioner has no other ties with California. ■ The respondent court invoked jurisdiction on the basis that petitioner had committed an act which "caused an effect" within this state (*Calder* v. *Jones, supra,* 465 U.S. 783 [79 L.Ed.2d 790, [104 S.Ct. 1482]). However, an act "having an effect" in the forum state is not necessarily synonymous with an act which "affects" a California resident. (See *Hill* v. *Noble Drilling Corp.,* 61 Cal.App.3d 258, 263 [132 Cal.Rptr. 154].) The "effects" caused by the out-of-state defendants in *Keeton* and *Calder,* the cases relied upon by the court below, were far more wide-ranging than the effect upon real party, however serious, which petitioner's acts are alleged to have produced here.

In *Keeton,* a libel action, the Supreme Court held that because the defendant, *Hustler* magazine, had "continuously and deliberately exploited" the market of the forum state, "it must reasonably anticipate being haled into court there in a libel action based on the contents of its magazine." (465 U.S. 770 [79 L.Ed.2d at pp. 801-802].) ■ Petitioner, in contrast, had no connection with California whatsoever, other than his telephone calls to plaintiff, and he certainly could not have anticipated being "haled into court" here should the agreed-to arrangement prove unsatisfactory.

■ Similarly, petitioner's conduct cannot meet the "effect" test of *Calder* v. *Jones. Calder,* also a libel action, involved the efforts of a *National Enquirer* reporter and editor, residents of Florida, to quash service of process by a California court. The defendants had written and published a story containing libelous statements about actress Shirley Jones, a resident of California. The Supreme Court held that the defendants were subject to the jurisdiction of the California courts because, although the story was written in Florida, it "concerned the California activities of a California resident," and California was the "focal point" of both the story and the harm suffered. (79 L.Ed.2d at p. 812.) The nature of the present action is different from *Calder,* however. *Calder* involved the publication of libelous statements in a national newspaper which the defendants knew and in fact hoped would be read by thousands of individuals in this state. As the Supreme Court pointed out, the article was drawn from California sources, and "impugned the professionalism of an entertainer whose television career was centered in California." (79 L.Ed.2d at p. 812.) Although the defendants resided in Florida, the interests of California pervaded the lawsuit. Such is not the case here. The defendants in *Calder* and *Keeton* were seeking to reach a statewide, if not national, audience. This is a private dispute between two individuals in which neither the general population of California nor the California courts have any particular interest (aside from providing a forum for plaintiff, a California resident).

Petitioner's alleged activities fail to meet the "effects" test of *Calder* and *Keeton*, and the remaining factors cited by the respondent court do not provide the "minimum contacts" necessary to support the exercise of personal jurisdiction over petitioner. Real party's acceptance of petitioner's alleged offer in California is insufficient. In cases where the defendant does business, i.e., conducts activities of sufficient intensity to amount to the doing of business in the state, the state may exercise jurisdiction. But where, as here, the defendant's relationship to a state is primarily "legalistic," (such as affixing a signature to a contract or sending a contract to California for signature by a California resident), the exercise of jurisdiction is not reasonable. (*Titus* v. *Superior Court*, 23 Cal.App.3d 792, 803 [100 Cal.Rptr. 477], citing Rest. 2d Conflict of Laws, § 36, subd. 2, com. pp. 150-152.)

The fact that petitioner called real party in California "innumerable times over a period of months" is likewise insufficient to establish our court's jurisdiction over a nonresident. (See *R. E. Sanders & Co.* v. *Lincoln-Richardson Enterprises, Inc.*, 108 Cal.App.3d 71, 78 [166 Cal.Rptr. 269]; *Floyd J. Harkness Co.* v. *Amezcua*, 60 Cal.App.3d 687, 693 [131 Cal.Rptr. 667].) The fact that real party gave up her job and apartment "in California" is irrelevant; it is petitioner's activity, and not that of real party, which is the key element in the determination of jurisdiction. (*Belmont Industries, Inc.* v. *Superior Court*, 31 Cal.App.3d 281 [107 Cal.Rptr. 237].)

We are not unmindful of the fact that plaintiff asserts she cannot afford to maintain a lawsuit in New Jersey while petitioner, she claims, is wealthy and can afford to defend the present action in California. We sympathize with plaintiff but cannot resolve a constitutional issue based upon sympathy for a litigant.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of December 26, 1985, denying the motion of defendant Max Walter to quash service of summons, and enter a new and different order granting said motion, in that matter entitled *Sylvia Fischer* v. *Max Walter*, Los Angeles Superior Court No. C-551984.

Ashby, J., and Eagleson, J., concurred.

A petition for a rehearing was denied April 2, 1986.