[No. B042655. Second Dist., Div. Four. Dec. 15, 1989.]

DIALYSIS AT SEA, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
CARMEN GUTIERREZ, Real Party in Interest.

**COUNSEL**

Quinn, Kully & Morrow, J. David Oswalt, Patricia A. Libby and Elaine M. Lemke for Petitioner.

No appearance for Respondent.

Janice E. Gervase and John F. Kelly for Real Party in Interest.

---

## OPINION

**McCLOSKY, Acting P. J.**—Petitioner and defendant Dialysis at Sea, Inc. (DAS), filed a petition for writ of mandate, prohibition or other appropriate relief seeking to overturn the trial court's ruling denying its motion to quash service of summons for lack of personal jurisdiction. Pending our determination of the petition we issued an order to show cause and ordered that the action be stayed. We now discharge the order to show cause, dissolve the stay and deny the petition for writ.

Plaintiff and real party in interest, Carmen Gutierrez, commenced this action by filing a verified complaint for negligence naming as defendants, Howard Shapiro, M.D., Unique Reservations, Inc., and DAS. In substance, plaintiff alleges that along with her deceased husband she went on a cruise arranged by DAS on which hemodialysis would be provided to Mr. Gutierrez under the supervision of a qualified physician. Plaintiff further alleges that the defendants negligently rendered that medical treatment resulting in permanent injury to Mr. Gutierrez which was in turn a factor contributing to his death. Plaintiff pleads that the "contract [to provide the medical services] was negotiated and entered into in Whittier, California."

DAS specially appeared and moved to quash service of summons due to lack of personal jurisdiction. In support of that motion, DAS submitted the declaration of Linda Byers McGrath. In that declaration, Ms. McGrath explains that she and her husband "are the sole shareholders and officers of [DAS]." With respect to the contacts DAS has with this forum, Ms. McGrath declares: "Dialysis At Sea, Inc. is incorporated in the Commonwealth of Massachusetts. Its sole office is presently, and has always been, located in Boston, Massachusetts.

"Dialysis At Sea, Inc. has never had any offices in California. Dialysis At Sea, Inc. has never sought to qualify to do business in California nor has it ever been authorized to do business in California. Dialysis At Sea, Inc. has never appointed an agent in California who is authorized to receive service of process.

"Dialysis At Sea, Inc. has never owned property, appointed agents, had telephone listings or bank accounts in California. It has never paid any taxes to the State of California.

"Dialysis At Sea, Inc.'s only communication with individuals in California has been by telephone or through correspondence. Neither my husband, nor I, or any employee or agent of Dialysis at Sea, Inc. has travelled to California in connection with any business purpose associated with Dialysis At Sea, Inc.

"Each and every activity or occurrence alleged in plaintiff's complaint transpired on a foreign commercial vessel which travelled in and around the Mediterranean Sea. At no time relevant herein did that vessel travel to, from, or for, the State of California."

Plaintiff submitted no evidence in opposition to DAS's motion other than her verified complaints.[1] Following the hearing, the court denied the motion of DAS. DAS then filed this petition for writ.

## DISCUSSION

 DAS contends that it "lacks sufficient minimal contacts with California so that the exercise of personal jurisdiction could be unreasonable under applicable constitutional standards."

In *Walter* v. *Superior Court* (1986) 178 Cal.App.3d 677, 680 [224 Cal.Rptr. 41], the court provided the following outline of California personal jurisdiction law: "California's 'long arm' statute (Code Civ. Proc., § 410.10) provides that California may exercise jurisdiction over a nonresident 'on any basis not inconsistent with the Constitution of this state or of the United States.' In the seminal case of *International Shoe Co.* v. *Washington, supra,* the United States Supreme Court held that 'due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."' (326 U.S. at p. 316 [90 L.Ed. at p. 102].) If a nonresident's activities are sufficiently wide-ranging, systematic and continuous, it may be subject to jurisdiction within the state on a cause of action unrelated to those activities. However, where the activity is less extensive, the cause of action must arise out of or be connected with the defendant's forum-related activity. [Citation.]"

---

[1] Plaintiff did attach to her opposition an unauthenticated brochure purportedly mailed to her by DAS. DAS objected to the court's consideration of that brochure in the trial court and renews its objection in this writ proceeding. We shall, therefore, not consider that brochure in reaching our decision. Moreover, in view of DAS's direct evidence to the contrary, we do not rely on plaintiff's conclusional allegation that DAS is "authorized to do business and doing business in the County of Los Angeles, State of California."

In the present case, plaintiff did not dispute that DAS's contacts with California were insufficient to subject it to general jurisdiction. Instead, she argued only that its California contacts subjected DAS to limited jurisdiction with respect to this action. In *Cornelison v. Chaney* (1976) 16 Cal.3d 143 [127 Cal.Rptr. 352, 545 P.2d 264], the court formulated the following test for determining whether limited jurisdiction exists: "[T]he cause of action must arise out of an act done or transaction consummated in the forum, or defendant must perform some other act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Thus, as the relationship of the defendant with the state seeking to exercise jurisdiction over him grows more tenuous, the scope of jurisdiction also retracts, and fairness is assured by limiting the circumstances under which the plaintiff can compel him to appear and defend. The crucial inquiry concerns the character of defendant's activity in the forum, whether the cause of action arises out of or has a substantial connection with that activity, and upon the balancing of the convenience of the parties and the interests of the state in assuming jurisdiction." (*Id.,* at p. 148, fn. omitted.)

When a defendant properly files a motion to quash service of summons due to lack of personal jurisdiction the initial burden is upon the plaintiff to establish the prima facie facts entitling the court to assume jurisdiction. (See *A.I.U. Ins. Co.* v. *Superior Court* (1986) 177 Cal.App.3d 281, 285 [222 Cal.Rptr. 880], cert. den. 479 U.S. 821 [93 L.Ed.2d 39, 107 S.Ct. 86].) Once a plaintiff has established that a defendant has purposefully directed his activity at forum residents, the burden then shifts to the defendant to supply facts demonstrating that the assumption of jurisdiction would be unreasonable. (See *Burger King Corp.* v. *Rudzewicz* (1984) 471 U.S. 462, 476-477 [85 L.Ed.2d 528, 543, 105 S.Ct. 2174].) We now turn to whether plaintiff's causes of action arose "out of an act done or transaction consummated in the forum." (*Cornelison* v. *Chaney, supra,* 16 Cal.3d 143, 148.)

Here, in her verified complaint, plaintiff pleads that the contract leading to the cruise on which medical services would be provided was "negotiated and entered into in Whittier, California." DAS argues that this allegation is factually incorrect. In so arguing, DAS relies upon the statement in the McGrath declaration that DAS's "only communication with individuals in California has been by telephone or through correspondence." The absence of physical travel to California does not, however, negate the possibility that the contract was entered into in this state for purposes of assuming jurisdiction. (See *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220, 223 [2 L.Ed.2d 223, 226, 78 S.Ct. 199] [California properly assumed jurisdiction over a dispute commenced by a California resident against a Texas insurer

where "[t]he contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State . . . ."]; 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 196, p. 206 ["[t]he general rule [is] that a contract is made when the acceptance is posted, . . ."].) Accordingly, consistent with the rules for reviewing factual determinations by the trial court we assume that the contract which lead to the cruise was entered into in this state. (*Mihlon* v. *Superior Court* (1985) 169 Cal.App.3d 703, 710 [215 Cal.Rptr. 442].)

The only other contact DAS has had with this state is established by its admission that "it has conducted several limited mailings, approximately twice a year, of its brochures to kidney centers in California."

In arguing that these contacts are insufficient to establish personal jurisdiction DAS relies on *Circus Circus Hotels, Inc.* v. *Superior Court* (1981) 120 Cal.App.3d 546 [174 Cal.Rptr. 885] and *Sklar* v. *Princess Properties International, Ltd.* (1987) 194 Cal.App.3d 1202 [240 Cal.Rptr. 102]. As we now explain, neither of these cases warrants overturning the trial court's ruling.

In *Circus Circus,* the plaintiffs commenced an action in California against a Nevada hotel arising out of the burglary of their room while they were guests of that hotel. Plaintiffs attempted to establish jurisdiction by supplying evidence that the hotel advertised in California newspapers and supplied a toll-free telephone number through which California residents could reserve rooms. The trial court denied the hotel's motion to quash and the Court of Appeal issued a writ directing the court to vacate that order. In concluding that plaintiffs' action did not arise out of an act done or transaction consummated in the forum, the Court of Appeal explained: "The acts or omissions of defendant alleged to be the proximate cause of the loss were the failure to rekey the lock to room 1319 and failure to warn plaintiffs of the earlier burglary of that very room. It could not be seriously contended that the defendant's advertising was the proximate cause of the burglary. i.e., that the burglary would not have happened *but for* the advertising." (120 Cal.App.3d at p. 569, italics in original.)

In *Sklar* v. *Princess Properties International, Ltd., supra,* 194 Cal.App.3d 1202, the plaintiff commenced a California action against a Bermuda hotel for injuries sustained when she slipped and fell on the premises of the hotel. Plaintiff asserted that jurisdiction over the hotel existed because the hotel allegedly sold her the accommodations in California. In concluding that the trial court properly ruled that jurisdiction did not exist, the Court of Appeal initially noted that the plaintiff failed to present any evidence to support her claim. The court then went on to reason that "[e]ven had plaintiff made

such a showing, the connection between her cause of action and defendant's activities in California would not appear. It cannot seriously be contended that sale to plaintiff in California of accommodations at defendant's hotel in Bermuda was the proximate cause of plaintiff's personal injuries allegedly sustained in a slip-and-fall accident at the hotel; in other words, it cannot be said that the accident would not have happened but for the sale of the hotel accommodations to plaintiff." (*Id.* at p. 1208.)

In both *Sklar* and *Circus Circus,* the plaintiffs failed to present evidence of a direct connection between their causes of action and the defendants' forum-related activities. Despite this absence of evidence both courts, in passing, employed broad language which, if taken literally, would preclude a contractual arrangement consummated in California from ever forming the basis for jurisdiction over a tort cause of action for injuries inflicted in another state. To the extent that *Sklar* and *Circus Circus* could be interpreted as standing for such a broad standard, we decline to follow them.

As explained by the court in *Prejean* v. *Sonatrach, Inc.* (5th Cir. 1981) 652 F.2d 1260: "Logically, there is no reason why a tort cannot grow out of a contractual contact. In a case like this, the contractual contact is a 'but for' causative factor for the tort since it brought the parties within tortious 'striking distance' of each other. While the relationship between a tort suit and contractual contact is certainly more tenuous than when a tort suit arises from a tort contact, that only goes to whether the contact is by itself sufficient for due process, not whether the suit arises from the contact." (652 F.2d at p. 1270, fn. 21.)

Under this reasoning, we conclude that plaintiff's causes of action were sufficiently related to the contract consummated in California to satisfy the "arising out of" prong of the standard. Plaintiff's causes of action are grounded upon the allegedly negligent medical treatment rendered to her deceased husband while they were passengers on a cruise arranged by DAS. Plaintiff alleges that under the contract entered into in California, DAS agreed "to provide medical care and treatment for the decedent during [the] cruise." Certainly absent that contract DAS would not have been in "striking distance" of the decedent. In other words, "but for" the contract plaintiff and the decedent would not have been on the cruise and the decedent would not have been subjected to DAS's allegedly negligent medical treatment. (See *Cubbage* v. *Merchent* (9th Cir. 1984) 744 F.2d 665 [Under California law, jurisdiction over medical malpractice action arising out of treatment in Arizona is proper where the defendant solicited California patients and participated in California's Medi-Cal program.].)[2]

---

[2] Under the alternative test formulated in *Cornelison,* if the "arising out of" standard is satisfied then a sufficient nexus exists to assume jurisdiction even if the defendant does not " 'purposefully [avail] himself of the privilege of conducting activities in the forum . . . .' " (*Circus Circus Hotels, Inc.* v. *Superior Court, supra,* 120 Cal.App.3d at p. 558.) Because we

██ Any perceived unfairness created by this "but for" analysis is ameliorated by the requirement that even if a nexus exists between the defendant's forum-related conduct and the plaintiff's causes of action, jurisdiction is proper only if it would be reasonable. Under *Cornelison,* whether jurisdiction is reasonable turns on "the balancing of the convenience of the parties and the interests of the state in assuming jurisdiction." (16 Cal.3d at p. 148.) ██ In the present case this standard does not undermine the trial court's ruling. First, without question, California has a strong interest in protecting the rights of its residents who are allegedly the victims of malpractice. (*Cubbage* v. *Merchent, supra,* 744 F.2d at p. 671 ["California obviously has an interest in protecting its citizens against the tortious conduct of others, including medical malpractice."].) Second, neither party supplied any evidence on the relative convenience of California as a forum. As explained above, once a plaintiff supplies evidence sufficient to satisfy the nexus requirement, the burden shifts to the defendant to demonstrate that the forum is inconvenient. Here, DAS failed to satisfy that burden. Accordingly, since plaintiff submitted sufficient evidence to support the trial court's implied finding that a nexus existed between DAS's forum-related activity and plaintiff's causes of action, we conclude that the trial court did not err in denying DAS's motion to quash.

██ Finally, in its petition DAS argues that "[i]n addition to lacking personal jurisdiction over the defendant, California also is an inconvenient forum. *Calif. Code of Civ. Proc.,* § 410.30." To support this assertion DAS relies upon its unverified statement in its points and authorities in support of its petition for writ that "Linda Byers McGrath, an owner of [DAS], must receive dialysis treatments three times a week." For a number of reasons this assertion does not warrant overturning the trial court's ruling. First, DAS did not move to dismiss or stay this action on the ground that California is an inconvenient forum. Instead, the sole basis for its motion was the purported absence of personal jurisdiction. Second, even assuming DAS had raised this issue in the trial court it would be without merit. DAS's unverified statement in its points and authorities does not constitute evidence to bolster its claim that California is not a convenient forum. Lastly, DAS, an entity in the business of arranging travel for individuals undergoing dialysis treatment, fails to explain why Ms. McGrath cannot receive adequate dialysis treatment in California.

---

conclude that the "arising out of" standard is satisfied we need not, and therefore do not, address whether DAS has purposefully availed itself of the privilege of conducting business in this forum.

The petition for writ is denied. The stay is dissolved.

George, J., and Goertzen, J., concurred.