**Therese ALEXANDER; Roy Alexander, Plaintiffs–Appellants,**

**v.**

**CIRCUS CIRCUS ENTERPRISES, INC., a corporation; Edgewater Hotel, Inc., a corporation; Colorado Belle Corporation, a corporation, Defendants–Appellees.**

**No. 90–55452.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 1991.

Decided July 29, 1991.

John A. Hyland, Jr., Long Beach, Cal., for plaintiffs-appellants.

David S. Porter, Fisher & Porter, Long Beach, Cal., for defendants-appellees.

Before HUG, NORRIS and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

The appellants, Therese and Roy Alexander, traveled to the Colorado Belle, a hotel-casino in Laughlin, Nevada, from their home in Southern California in response to an advertisement in the travel section of the *Los Angeles Sunday Times.* The Alexanders were injured when a pontoon boat on which they were passengers capsized while crossing the Colorado River from the Edgewater Hotel to the Colorado Belle Hotel.

The Alexanders filed this action against Circus Circus Enterprises, Inc. ("Circus Circus") and its two wholly owned subsidiaries, the Edgewater Hotel Corporation ("Edgewater"), owner and operator of the Edgewater Hotel, and the Colorado Belle Corporation ("Colorado Belle"), owner and operator of the Colorado Belle Hotel. Finding that it lacked both general and specific personal jurisdiction over the three defendants, the district court quashed service of summons and dismissed the Alexanders' complaint.

The Alexanders appeal, arguing that the three appellees' substantial advertising aimed at the Southern California tourist market constitutes sufficient minimum contacts with the State of California to support that State's assertion of personal jurisdiction over the appellees.

We affirm in part, reverse in part, and remand.

## DISCUSSION

*Standard of Review*

A plaintiff has the burden of establishing that the court has personal jurisdiction over the defendants. *Shute v. Car-*

*nival Cruise Lines,* 897 F.2d 377, 379 (9th Cir.1990) (citations omitted), *rev'd on other grounds,* —— U.S. ——, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).[1] Where the court's ruling on jurisdiction is based upon a review of affidavits and discovery materials only, dismissal is appropriate only if the plaintiff fails to make a *prima facie* showing of personal jurisdiction. *Id.* For the purposes of this appeal, we treat the plaintiffs' allegations as true. *Id.* at 380.

A district court's determination of whether personal jurisdiction exists is a question of law reviewable de novo when the underlying facts are undisputed. *Cubbage v. Merchent,* 744 F.2d 665, 667 (9th Cir.1984), *cert. denied,* 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985).

*Personal Jurisdiction*

■ To establish personal jurisdiction, a plaintiff must demonstrate that the forum state's jurisdictional statute confers personal jurisdiction and that the exercise of jurisdiction accords with federal constitutional principles of due process. *Id.* (citation omitted).

■ California's jurisdiction statute provides:

A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

California Code of Civil Procedure § 410.10 (West 1973). Because § 410.10 extends jurisdiction to the maximum extent permitted by due process, the jurisdictional inquiries under this state statute and due process principles are conducted as one analysis. *FDIC v. British–American Ins. Co.,* 828 F.2d 1439, 1441 (9th Cir.1987).

■ Personal jurisdiction over nonresident defendants may be either general or specific. General jurisdiction exists where the nonresident defendant has "'substantial' or 'continuous and systematic' contacts with the forum state." *Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir.1986) (quoting *Haisten v. Grass*

*Valley Med. Reimbursement Fund,* 784 F.2d 1392, 1396 (9th Cir.1986)). This jurisdiction is applicable even if the cause of action is unrelated to the defendant's forum activities. *Cubbage,* 744 F.2d at 667. However, general personal jurisdiction is not at issue here because the Alexanders do not contend the district court erred in its decision that this jurisdiction was lacking.

■ Specific personal jurisdiction requires "an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc, Inc. v. Systems Technology Assoc., Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977). The court must determine whether a defendant has certain "minimum contacts" with the forum state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ This circuit has a three-prong test to determine whether the exercise of specific personal jurisdiction comports with due process: (1) the nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one that arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Shute,* 897 F.2d at 381; *Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1195 (9th Cir.1988). These prongs must be met as to *each* defendant over whom jurisdiction is to be exercised. *Rush v. Savchuk,* 444 U.S. 320, 332, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980); *Cubbage,* 744 F.2d at 668. Therefore, we cannot pierce the corporate veil for purposes of jurisdiction as the Alexanders maintain.

---

1. The Supreme Court in *Shute* held that a forum-selection clause in the Shutes' travel tickets

was enforceable. 111 S.Ct. at 1526–1528.

### 1. *Purposeful Availment*

■ Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. The requirement of affirmative conduct ensures that the defendant is not haled into court as a result of random, fortuitous, or attenuated contacts, or on account of the unilateral activities of third parties. *Shute,* 897 F.2d at 381.

The appellees claim they have only minimal contact with California:

> All of these defendants are Nevada corporations. Circus Circus' principal place of business is in Las Vegas, Nevada. Edgewater and Colorado Belle both have their principal places of business in Laughlin, Nevada. None of these entities have any employees, officers, directors, or agents in California. They have no subsidiary or affiliate companies in California. They are not authorized to do business in California. They maintain no substantial bank accounts, assets or real property in California, nor do they pay taxes or file tax returns in California. Defendants do not hold their corporate meetings in California, and they have never voluntarily consented to jurisdiction in California.

Appellees' Answering Brief at 2 (footnotes omitted). The appellees admit, however, that they maintain "800" numbers "for residents of other states which are answered in Nevada" and that "[t]hey also do on occasion place newspaper advertisements advertising services to be provided and performed in Laughlin, Nevada." *Id.* at 3.

### a. *Circus Circus*

■ The Alexanders submitted evidence that the advertising activities of Circus Circus in California are considerable. In the Circus Circus Annual Form 10–K Report to the Securities and Exchange Commission for the fiscal year ending on January 31, 1989, Circus Circus states: "[t]he Company maintains an active media advertising program through radio, television, billboards and printed publications primarily in Nevada, California and Arizona.... During the year ended January

31, 1989, the Company incurred expenses relating to advertising of $20,174,000 compared with $15,129,000 and $12,046,000 during the years ended January 31, 1988 and 1987, respectively." In addition, "[t]he major portion of its Laughlin business is derived from Arizona and Southern California." Circus Circus states that "[t]he future of Laughlin lies with its development as a genuine destination resort, with a sizeable rooms base and a commercial airport to serve visitors from the enormous Southern California market[.]"

We conclude that Circus Circus' substantial advertising program directed at Southern California and the maintenance of toll-free numbers is significant affirmative conduct "which allows or promotes the transaction of business within the forum state." *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 840 (9th Cir.1986). The solicitation of nonresident tourists through advertising directed at a specific geographic market is sufficient to indicate an intent to serve the market in that state. *Asahi Metal Indus. Co. v. Superior Court of Solano County,* 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987) (O'Connor, J., plurality opinion). "Additional conduct [that is, conduct other than simply placing a product into the stream of commerce] of the defendant may indicate an intent or purpose to serve the market in the forum State, [such as] advertising in the forum State, establishing channels of communication for providing regular advice to customers in the forum State, *or* marketing the product through a distributor who has agreed to act as the sales agent in the forum State." *Id.* (emphasis added). *Accord, Sinatra,* 854 F.2d at 1197 (same). This circuit has held that a nonresident defendant's act of soliciting business in the forum state will generally be considered purposeful availment if that solicitation results in the transaction of business. *Shute,* 897 F.2d at 381 (citing *Sinatra,* 854 F.2d at 1195).

The appellees argue that when this court found specific personal jurisdiction in other cases, it was always based on more than advertising alone. *See, e.g., Sinatra,* 854

F.2d at 1192 (advertising, misappropriation of a name, and knowledge that misappropriation will injure a California resident in California); *Shute*, 897 F.2d at 379 (cruise company advertised and held seminars for travel agents in the forum state). However, none of the cases cited stand for the proposition that substantial advertising, without more, is insufficient to establish personal jurisdiction, because none of them involved advertising alone. Justice O'Connor's opinion in *Asahi* indicates that advertising in the forum state alone is sufficient as long as it is purposefully directed at the forum state. *See Asahi*, 480 U.S. at 112, 107 S.Ct. at 1032.[2]

In any event, this case contains another example of promoting business in the forum state: "establishing channels of communication for providing regular advice to customers in the forum State." *Id.* The use of toll-free numbers gives California customers access to information, advice, and reservations concerning the defendants' hotels. Therefore, as to Circus Circus, two types of conduct are present that the Supreme Court finds sufficient to demonstrate an intent or purpose to serve the market in the forum state.

Because Circus Circus has engaged in affirmative conduct to promote the transaction of its business in California, the "purposeful availment" prong is satisfied as to this defendant.

b.  *Colorado Belle*

■  The record contains a newspaper advertisement allegedly similar to the one that drew the Alexanders to Laughlin. The advertisement shows a picture of the hotel, which is built to resemble a riverboat, and states conspicuously "Colorado Belle Hotel and Casino." In much smaller print, the ad states "Another Circus Circus Enterprise." The advertisement states "For Reservations Call Toll Free 800–458–9500." Therese Alexander declares: "Since that particular Sunday I have seen the same advertisement many times in the

*Los Angeles Times*, even up to the present time." Declaration of Therese Alexander, No. 894031 TJH, Docket Entry 11, at 9–10, para. 3. We treat these allegations as true. *Shute*, 897 F.2d at 380.

The Colorado Belle's repeated advertisement and use of a toll-free number demonstrates its purposeful availment of the opportunity to do business in California. *See Asahi*, 480 U.S. at 112, 107 S.Ct. at 1032. Moreover, the Alexanders claim they came to Laughlin solely because of the advertisement, which resulted in the transaction of business. *See Shute*, 897 F.2d at 381. The "purposeful availment" prong is thus satisfied as to the Colorado Belle.

c.  *Edgewater Hotel*

■  The record is devoid of evidence of any specific action on the part of the Edgewater Hotel to avail itself of the opportunity to do business in California other than its admission that it maintains a toll-free number and that it "occasionally" places newspaper advertisements. There is no direct evidence that the Edgewater advertises regularly in California and we do not know how much, if any, of the Circus Circus advertising budget is expended on the Edgewater there. We cannot find that maintenance of the toll-free number, without more, is sufficient to find purposeful availment because we do not know how calls to that number are generated from California without specific evidence that the number is advertised there.

The Alexanders have failed to show how the Edgewater Corporation purposefully availed itself of the opportunity to do business in California. Because all three prongs of the test must be met as to each defendant, *see id.* (stating the test in the conjunctive), we need not discuss the Edgewater Corporation further. There is no specific personal jurisdiction and the complaint was properly dismissed as to this defendant.

---

**2.**  All of the examples the Court provides are stated in the disjunctive. 480 U.S. at 112, 107 S.Ct. at 1032.

## 2. "Arising Out Of" Forum–Related Activities

■ The second prong of the test requires that the claim must "arise out of" the defendant's forum-related activities. This circuit has adopted the "but for" test to analyze whether a cause of action arose from the defendant's forum-related activities. *Shute*, 897 F.2d at 385.

The Alexanders contend that "but for" the advertisement in the *Los Angeles Sunday Times*, they would not have journeyed to the Colorado Belle Hotel and been injured on the pontoon boat. The defendants, relying on a California state case, *Circus Circus Hotels v. Superior Court*, 120 Cal.App.3d 546, 174 Cal.Rptr. 885 (1981), contend that the proper inquiry should be the narrower question of whether, but for the advertising, the pontoon boat would have capsized.

However, we have specifically rejected such a narrow reading of the causation requirement, concluding that a tort can "arise out of" a prior business solicitation in the forum state. *Shute*, 897 F.2d at 383–84. We observed that such a restrictive view of the "arising out of" requirement as the defendants urge

> would preclude the exercise of jurisdiction in some cases where the plaintiff has established purposeful availment through continuing efforts to solicit business, some nexus between the cause of action and the defendant's forum-related activities, and the reasonableness of requiring the defendant to defend in the forum. Such an approach would represent an unwarranted departure from the core concepts of "fair play and substantial justice" which are central to due process analysis in the context of the exercise of personal jurisdiction.

*Id.* at 385–86. In *Shute*, this court observed: "[but for the defendant's] activity, the [plaintiffs] would not have taken the

cruise, and [the] injury would not have occurred. It was [the defendant's] forum-related activities that put the parties within 'tortious striking distance' of one another." *Id.* at 386.[3]

The defendants also argue that the "but for" nexus is missing because the Alexanders were not injured at the Colorado Belle Hotel, but on a vessel provided by the Edgewater Hotel without charge to the general public. The defendants state that the Alexanders boarded the boat for their own enjoyment and that it was not a necessary part of their stay at the Colorado Belle.

We reject this argument. This circuit has already decided that the critical focus in the "arising out of" prong is whether, "but for" the defendant's forum-related activities, the injury would have occurred; that is, whether the "entire course of events ... was an uninterrupted whole which began with, and was uniquely made possible by, the [defendant's] contacts in [the forum state]." *Id.* at 384. Applying this standard, we conclude that the Alexanders' cause of action arose out of Circus Circus' and the Colorado Belle Corporation's contacts with California. The evidence is clear that these defendants' solicitation of business in California attracted the Alexanders to come to Laughlin and take advantage of the pontoon boat ride. In the absence of Circus Circus' and the Corporation's activities, the Alexanders would not have taken the ride and their injuries would not have occurred. It was the defendants' forum-related activities that put the parties within "tortious striking distance" of one another. *See id.* at 386.

Nor does it matter that the defendants Circus Circus and Colorado Belle claim that the Edgewater Hotel, Inc. owned and operated the pontoon boat. The Alexanders allege in their complaint that

---

**3.** We observe that another California appellate court, the Second District, has declined to follow the Fourth District's decision in the case the defendants heavily rely upon, *Circus Circus Hotels v. Superior Court.* In *Dialysis at Sea, Inc. v. The Superior Court of Los Angeles County*, 216 Cal.App.3d 788, 265 Cal.Rptr. 71 (1989), the Sec-

ond District has followed our analysis, adopting the position that a tort can grow out of a business contact, since it may bring the parties within tortious "striking distance" of each other. *Dialysis*, 216 Cal.App.3d at 794–95, 265 Cal.Rptr. at 75–76.

Plaintiffs are informed and believe and thereupon allege that at all times relevant herein, that Defendants, and each of them, owned, operated, maintained, navigated, managed and controlled that certain pontoon ferryboat engaged in the business of carriage or passengers/business invitees on the navigable waters of the United States.

Complaint at 2, para. 7. For jurisdictional purposes, we must treat the Alexanders' allegations as true. *Id.* at 380.

3. *Reasonableness*

 Once purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable. *Id.* at 386. To rebut that presumption, a defendant must present a compelling case that the exercise of jurisdiction would be unreasonable. *Id.* In determining reasonableness, this circuit examines seven factors: the extent of purposeful interjection, the burden on the defendant to defend the suit in the chosen forum, the extent of conflict with the sovereignty of the defendant's state, the forum state's interest in the dispute, the most efficient forum for judicial resolution of the dispute, the importance of the chosen forum to the plaintiff's interest in convenient and effective relief, and the existence of an alternative forum. *British–American Ins. Co.*, 828 F.2d at 1442.

Circus Circus and the Colorado Belle Corporation do not attempt to rebut the reasonableness of the exercise of jurisdiction through an analysis of the seven factors. Instead, they mention only the Alexanders' voluntary travel to Nevada, that others injured in the accident have filed suit in Nevada, and that "almost all the witnesses are Nevada or Arizona residents." We conclude that these facts do not present a compelling case that the exercise of jurisdiction would be unreasonable. Consequently, we hold that jurisdiction may be exercised in California.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. The district court shall reinstate the Alexanders' complaint as to Circus Circus and the Colorado Belle Corporation. We affirm the judgment in favor of Edgewater. Each party shall bear its own costs.