967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martha E. WHITTED, Plaintiff-Appellant,
v.
ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM (OCERS), Defendant-Appellee.
 No. 91-16194.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martha E. Whitted appeals pro se the district court's dismissal of her complaint for lack of personal jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Whitted brought an action in the district court for Nevada against the Orange County Employees Retirement System ("OCERS") alleging breach of contract and fiduciary duty arising out of OCERS's denial of surviving spouse benefits to Whitted upon the death of her former husband, an OCERS member. The court granted OCERS's motion to dismiss the action for lack of personal jurisdiction.
 
 
 4
 "A plaintiff has the burden of establishing that the court has personal jurisdiction over the defendants." Alexander v. Circus Circus Enterprises, Inc., 939 F.2d 847, 849 (9th Cir.1991). "To establish personal jurisdiction, a plaintiff must demonstrate that the forum state's jurisdictional statute confers personal jurisdiction and that the exercise of jurisdiction accords with federal constitutional principles of due process." Id. at 850.
 
 
 5
 Nevada's long-arm statute, Nev.Rev.Stat. § 14.065, provides in pertinent part:
 
 
 6
 2. Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if a natural person, his personal representative to the jurisdiction of the courts of this state as to any cause of action which arises from:
 
 
 7
 (a) Transacting any business or negotiating any commercial paper within this state;
 
 
 8
 (b) Committing a tortious act within this state;
 
 
 9
 ....
 
 
 10
 The Nevada Supreme Court has interpreted Nevada's long-arm statute to reach the limits of federal constitutional due process. Judas Priest v. Second Judicial Dist. Court of Nev., 104 Nev. 424, 426, 760 P.2d 137, 138, (1988).[1]
 
 
 11
 "Personal jurisdiction over nonresident defendants may be either general or specific." Alexander, 938 F.2d at 850. General personal jurisdiction exists if "the nonresident has substantial or continuous contacts with the forum state." Id. (quotations omitted). Here, Whitted has made no showing that OCERS has any such contacts with Nevada.
 
 
 12
 Specific personal jurisdiction exists if, in evaluating the defendant's contacts with the forum state relating to the cause of action, the court determines that the nonresident defendant "has certain 'minimum contacts' with the forum state such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " Id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Due process in the context of personal jurisdiction is satisfied if (1) the nonresident has "purposefully availed himself of the privilege of conducting activities in the forum;" (2) the claim arises "out of or results from the defendant's forum-related activities; (3) the exercise of jurisdiction is reasonable." Id.
 
 
 13
 Here, Whitted has not shown that OCERS engaged in any affirmative activities or transactions within Nevada which would show that OCERS purposefully availed itself of the forum-state, Nevada. See id. at 851. Nor has Whitted shown that her action against OCERS arises out of its contacts with Nevada. See id. at 853. Given these circumstances, exercise of personal jurisdiction against OCERS in Nevada is not reasonable. See id. at 854.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In reviewing Whitted's complaint, the district court was uncertain whether her claim sought to invoke diversity or federal question jurisdiction, or both. See 28 U.S.C. §§ 1331 & 1332. Because Nevada's long-arm statute has been interpreted to extend to the limits of federal due process, the personal jurisdiction analysis is the same under either type of subject matter jurisdiction