972 F.2d 261
 Therese ALEXANDER; Roy Alexander, Plaintiffs-Appellants,
v.
CIRCUS CIRCUS ENTERPRISES, INC., a corporation; Edgewater
Hotel, Inc., a corporation; Colorado Belle
Corporation, a corporation, Defendants-Appellees.
 No. 90-55452.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 10, 1991.
Opinion Filed July 29, 1992.
Opinion Withdrawn Aug. 5, 1992.
Decided Aug. 5, 1992.
 
 John A. Hyland, Jr., Long Beach, Cal., for plaintiffs-appellants.
 David S. Porter, Fisher & Porter, Long Beach, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before: HUG, NORRIS, and LEAVY, Circuit Judges.
 
 ORDER
 
 1
 The appellees' Petition for Rehearing is GRANTED. The Opinion previously filed on July 29, 1991, and reported at 939 F.2d 847, is WITHDRAWN.
 
 ORDER
 
 2
 We have ordered that our opinion, Alexander v. Circus Circus Enterprises, Inc., 939 F.2d 847 (9th Cir.1991), be withdrawn.
 
 
 3
 In the opinion, we relied on allegations in the Alexanders' complaint to overcome statements in the supplemental declaration of William T. Martin, Associate General Counsel for Circus Circus Enterprises, Inc. and their subsidiary corporations Edgewater Hotel Corporation and Colorado Belle Corporation. In his declaration, Martin stated:
 
 
 4
 The subject boating accident did not occur in or at the Colorado Belle, but instead occurred on the Colorado River during a shuttle ride between the Edgewater Hotel and Bullhead City, Arizona on a vessel owned and operated by Edgewater Hotel Corporation.
 
 
 5
 Supplemental Declaration at 15, para. 2 (emphasis added).
 
 In our opinion, we said:
 
 6
 Nor does it matter that the defendants Circus Circus and Colorado Belle claim that the Edgewater Hotel, Inc. owned and operated the pontoon boat. The Alexanders allege in their complaint that 'Plaintiffs are informed and believe and thereupon allege that at all times relevant herein, that Defendants, and each of them, owned, operated, maintained, navigated, managed and controlled that certain pontoon ferryboat engaged in the business of carriage or passengers/business invitees on the navigable waters of the United States.' Complaint at 2, para. 7. For jurisdictional purposes, we must treat the Alexanders' allegations as true. [Shute v. Carnival Cruise Lines, 897 F.2d 377, 380 (9th Cir.1990) ].
 
 
 7
 Alexander, 939 F.2d at 853-54.
 
 
 8
 However, this circuit has held that for purposes of personal jurisdiction, "we may not assume the truth of allegations in a pleading which are contradicted by affidavit." Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1284 (9th Cir.1977) (citing Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir.1967)). The Alexanders' allegations are contradicted by Martin's affidavit, which states that the Edgewater Hotel Corporation is the sole owner and operator of the pontoon boat.
 
 
 9
 We now AFFIRM as to all defendants.