[Civ. No. 47192. Second Dist., Div. Four. Aug. 18, 1976.]

JAMES B. HILL, Cross-complainant and Appellant, v.
NOBLE DRILLING CORPORATION,
Cross-defendant and Respondent.

**COUNSEL**

George L. Bozzo, Joseph E. Berberich and Fred Middaugh for Cross-complainant and Appellant.

Murchison, Cumming, Baker & Velpmen, Richard M. Arias and Benjamin George Williams for Cross-defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—This action arose out of a complaint filed by Sperry & Hutchinson Company's assignee of a claim for money owing Sperry & Hutchinson (S&H) on a contract between S&H and appellant James B. Hill. Hill thereafter filed a cross-complaint against S&H and respondent Noble Drilling Corp. Noble moved for an order to quash and dismiss for lack of jurisdiction pursuant to section 418.10 of the Code of Civil Procedure, with such motion being granted; this appeal followed. We affirm.

*Facts*

Hill is a California resident engaged in business as a safety consultant specializing in developing safety programs for oil drilling companies. Hill developed a program which awarded employees of oil drilling companies varying amounts of S&H Green Stamps, depending on the number of accident-free hours on the job.

Pursuant to the safety program, Hill, in May or June 1972, entered into a contract with S&H to purchase said stamps, with S&H thereby granting Hill an exclusive right to sell S&H Green Stamps to oil drilling companies within specified states constituting S&H's "Southwest Region"; California was not one of the states included.

In December 1972, Hill sold the safety program to Noble, a Delaware corporation, with its principal place of business in Oklahoma, with such sale being made outside California.

Thereafter, during February, March and April 1973 Noble allegedly met, corresponded and conferred with S&H, outside of California, for the purpose and with the result of intentionally inducing S&H to breach its contract with Hill. Further, Noble allegedly interfered with Hill's prospective business relations, again by conduct admittedly committed outside California.

Noble has no connection with California besides the incidents of this case.

I

The fact that the plaintiff is a California resident is not, of itself, sufficient for California courts to exercise personal jurisdiction over a foreign corporation. Thus the court in *Watson's Quality Turkey Products, Inc. v. Superior Court* (1974) 37 Cal.App.3d 360, 368 [112 Cal.Rptr. 345] said that ". . . the fact that a California resident has the misfortune to get involved in a business dispute with one non-California firm cannot without more provide a reasonable basis for imposing jurisdiction on another foreign firm." (Cf. *Belmont Industries, Inc. v. Superior Court* (1973) 31 Cal.App.3d 281, 288 [107 Cal.Rptr. 237].)

Under Code of Civil Procedure section 410.10 a California court may exercise jurisdiction over nonresidents on any basis not inconsistent with the United States or California Constitutions. This section manifests an intent to exercise the broadest possible jurisdiction within the constitutional limits. (*Buckeye Boiler Co. v. Superior Court* (1969) 71 Cal.2d 893 [80 Cal.Rptr. 113, 458 P.2d 57].) As a general constitutional principle, a court may exercise personal jurisdiction over a nonresident so long as he has such minimal contacts in the state that ". . . the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (*Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 101-103, 66 S.Ct. 154, 161 A.L.R. 1057].)

At the least, a defendant foreign corporation must have such a relationship to the state that it is "reasonable" for the state to exercise

jurisdiction. (Rest. 2d Conflict of Laws, § 52.) Subsequent to *International Shoe Co.,* the United States Supreme Court amplified the standard by which to determine whether imposition of jurisdiction is constitutionally "reasonable."

## II

Appellant first argues that a corporation committing acts outside of California constituting a tort in California is subject to personal jurisdiction of California courts even though it is not present or doing business in California thereby satisfying *International Shoe's* "minimum contacts" test. While the above contention is true as a generality (*McGee v. International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199] citing with approval *Smyth v. Twin State Improvement Corp.* (1951) 116 Vt. 569 [80 A.2d 664]), appellant errs in his contention that a tort was committed in California.

Appellant contends that two torts were committed in California. First, appellant points out that Noble, by acts outside of California, induced S&H to breach its contract with Hill, such inducement to breach a contract amounting to a tort. While Hill is correct in asserting that inducing breach of contract is a tort recognized in California, (*Kiang v. Strycula* (1965) 231 Cal.App.2d 809, 811 [42 Cal.Rptr. 338]) the crux of Hill's contention is that the tort occurred in California and the injury occurred in California merely because at the time of the breach Hill was a California resident. Second, appellant alleges that Noble, by acts committed outside California, interfered with Hill's prospective business advantage, such interference amounting to a tort. Again Hill is correct in asserting that interference with prospective business advantage is a tort recognized in California (*Buxbom v. Smith* (1944) 23 Cal.2d 535 [145 P.2d 305]); however, the crux of the contention that the tort was committed in California again rests merely on the fact that Hill was a California resident when the out-of-state acts were committed.

Appellant bases his contention that mere physical presence of an injured party within a state, without more, leads to the tort occurring in that state partially upon *Ponsonby v. Sacramento Suburban Fruit Lands Co.* (1930) 210 Cal. 229 [291 P. 167]. However, *Ponsonby* is distinguishable by the fact that the tortfeasor, by acts outside California, injured land in California, with this act and not plaintiff's mere California residence being the basis for saying the tort occurred in California.

## III

Appellant's second argument for the exercise of jurisdiction, which is a generalization of his first argument, is that a state has ". . . power to exercise judicial jurisdiction over a foreign corporation which causes effects in the state by an omission or act done elsewhere with respect to causes of action arising from these effects, unless the nature of the effects and of the corporation's relationship to the state make the exercise of such jurisdiction unreasonable." (West's Ann. Code Civ. Proc., § 410.10, com., p. 481; Rest.2d Conflict of Laws, § 50.)

Appellant relies on *Walker* v. *University Books, Inc.* (N.D. Cal. 1974) 382 F.Supp. 126, as being controlling of his case. In *Walker,* the defendant over whom plaintiff sought jurisdiction allegedly engaged in acts in New York "effecting" copyright infringement in California. However, in exercising jurisdiction the court relied on the fact that the copyright infringement was manifested by sales of the book in California. There was no such connection with California in the instant case.

In effect, appellant's argument boils down to the theory that, without any tortious act in California, the mere fact that the out-of-state tort affects a Californian is enough to enable a court to say that the out-of-state tort had an "effect" in California. The California court has recently rejected that theory. In *Sibley* v. *Superior Court* (1976) 16 Cal.3d 442 [128 Cal.Rptr. 34, 546 P.2d 322], the issue, as stated by the Supreme Court (at p. 444) was ". . . whether California courts may constitutionally assert jurisdiction over a nonresident individual solely by reason of his execution and alleged breach of a guaranty agreement regarding payment of monies owing to a California corporation." The court, guided by the comment to section 410.10 Code of Civil Procedure quoted *ante,* held that the petitioner's relationship to California and the "effect" of breach of contract caused in California make the exercise of jurisdiction unreasonable on the facts. The reasoning of *Sibley* controls the instant case.

## IV

Appellant next argues that a foreign corporation that intentionally causes effects in the State of California by acts done outside California is subject to personal jurisdiction of California courts whenever such effects are subject to special regulation by the State of California. Appellant relies on *Quattrone* v. *Superior Court* (1975) 44 Cal.App.3d 296 [118

Cal.Rptr. 548] to support his case; however, such reliance is mistaken. In *Quattrone,* the defendant did acts outside California, with the effect in California of issuance of shares of stock by a California corporation, with such issuance regulated by the Corporations Security Law of California. (Corp. Code, § 25000 et seq.) In the instant case, Noble's acts outside California did not cause acts subject to special regulations within California to occur.

## V

Finally, Hill argues that, because he has alleged that S&H and Noble were conspirators, the action of S&H in suing Hill in California brought Noble into California. However, although Hill claims that the suit by S&H was in furtherance of the conspiracy, the facts of which we must take notice show the contrary. S&H merely contends that it is entitled to be paid for the stamps furnished to Hill prior to the alleged breach of the exclusive right agreement. That is a cause of action quite independent of any alleged conspiracy between S&H and Noble to break off the pre-existing relationship between Hill and S&H. Whether or not Hill may properly set-off his damages (if any) from the alleged torts of S&H in the main action does not mean that Hill can sue Noble, in California, for Noble's out-of-state torts.

As stated at the outset, the mere fact that a plaintiff is a California resident is not enough for California courts to exercise jurisdiction over a foreign corporation. For California to constitutionally exercise jurisdiction there must be, additionally, a sufficient nexus between the defendant and California. No such sufficient nexus is present here.

The order appealed from is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.