[No. B057154. Second Dist., Div. Five. Mar. 10, 1992.]

RON BECKMAN, Plaintiff and Appellant, v.
MICHAEL THOMPSON et al., Defendants and Respondents.

482

**COUNSEL**

Gang, Tyre, Ramer & Brown, Howard King and Kevin S. Marks for Plaintiff and Appellant.

Cooper, Epstein & Hurewitz, Brian W. Kaufman, Barry E. Mallen, Dennis, Shafer, Fennelly & Creim, Richard Macias, Dolores M. Yarmoff and Claudia L. Knoller for Defendants and Respondents.

**OPINION**

**ASHBY, J.**—Plaintiff and appellant Ron Beckman sued defendants and respondents Michael Thompson and Philips Credit Corporation (Philips) for

breach of contract and intentional interference with contract. Pursuant to Code of Civil Procedure sections 410.30, subdivision (a) and 418.10, the trial court granted respondent Philips's motion to quash service of summons for lack of personal jurisdiction and granted respondent Thompson's motion to dismiss on the ground of inconvenient forum, in that the matter should more appropriately be tried in Tennessee.

Appellant, a California resident, alleged in his complaint that pursuant to a contract entered in California, respondent Thompson, doing business as MT Communications (MTC), agreed to hire appellant to be chief operating officer of MTC, which operates a group of television stations in Tennessee.[1] Appellant resigned other employment in reliance on the contract, but before appellant moved to Tennessee, Thompson repudiated the contract. Philips allegedly induced Thompson to repudiate the contract.

Respondent Philips successfully moved to quash service of summons on the ground it is a Delaware corporation with its principal place of business in New York, which has no minimum contacts with California sufficient to provide personal jurisdiction.

Respondent Thompson successfully moved to dismiss based on forum non conveniens, contending any negotiations in California were preliminary, it being understood there would be no contract until a formal written contract was prepared at headquarters in Tennessee; additional negotiations took place in Tennessee; under the proposed contract appellant was to move to Tennessee and the contract would be performed entirely in Tennessee; and the balance of convenience of prospective witnesses favored trial in Tennessee.

We hold (1) the trial court properly quashed service of summons on respondent Philips and (2) the dismissal in favor of respondent Thompson must be reversed because, due to an intervening change in the inconvenient forum statute, Code of Civil Procedure section 410.30, appellant's status as a California resident plaintiff precludes dismissal.

### JURISDICTION OVER RESPONDENT PHILIPS

In support of Philips's motion to quash service of summons the declaration of its president, J. Walter Corcoran, established that Philips is a Delaware corporation with its principal place of business in New York City. Philips finances or provides working capital for media acquisitions in the

---

[1]Thompson disputed appellant's characterization of MTC as Thompson's dba, but admitted Thompson is chief executive officer of MTC.

broadcasting and video industries. All applications for financing are accepted and all financing is funded through the Bank of New York in New York City. Philips has no office, place of business, employees, salesmen, agents, or representatives in California. It owns no real or personal property in California, does not advertise in California and does not have a California telephone number. It was served with process through its registered agent for service of process in Delaware.

In opposition to the motion appellant contended that Philips's alleged inducement of Thompson to breach Thompson's agreement with appellant was sufficient basis for jurisdiction, even if the inducement occurred outside California, because it had an effect on appellant in California.[2] We find no merit to this contention.

"A state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an omission or act done elsewhere with respect to causes of action arising from these effects, unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable." (Judicial Council com., West's Ann. Code Civ. Proc. (1973 ed.), foll. § 410.10, p. 472.) Causing an effect is not necessarily sufficient; imposition of jurisdiction may nevertheless be unreasonable. (*Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 446 [128 Cal.Rptr. 34, 546 P.2d 322].)

In *Hill* v. *Noble Drilling Corp.* (1976) 61 Cal.App.3d 258 [132 Cal.Rptr. 154], the court found the exercise of jurisdiction would be unreasonable in circumstances strikingly similar to this case. Hill, a California resident, had a contract with Sperry & Hutchinson giving Hill the exclusive right to sell S & H green stamps in certain southwestern states other than California. Hill alleged that Noble Drilling Corporation, a Delaware corporation with its principal place of business in Oklahoma, who had no connection with California, wrongfully induced S & H to breach its contract with Hill. The acts by which Noble allegedly interfered were committed outside of California. Hill, like appellant, argued that the court had power to exercise judicial jurisdiction over a foreign corporation which causes effects in this state by an omission or act done elsewhere. The court held the mere fact the tort affected a California plaintiff was insufficient to make the exercise of jurisdiction reasonable considering the nature of the effects in that case and

---

[2]Appellant's only evidentiary support for his allegation that Philips " 'persuaded or otherwise forced Thompson to breach or repudiate the employment agreement' " is a hearsay statement allegedly made by Thompson to appellant. Appellant's declaration in this regard was that in early January 1990, "I met with Thompson again at his Marina Del Rey office. At that time he informed me that he would not honor our agreement. He told me that Philips had now refused to finance my employment."

Noble's relationship to California. (*Hill* v. *Noble Drilling Corp.*, *supra*, 61 Cal.App.3d at pp. 262-263; see also *Farris* v. *Capt. J. B. Fronapfel Co.* (1986) 182 Cal.App.3d 982, 989-990 [227 Cal.Rptr. 619].)

■ Likewise here, the only effect in California is that a California resident was deprived of the benefit of a contract to be performed in Tennessee. The nature of the effects and Philips's otherwise minimal or non-existent contacts with California make the exercise of jurisdiction unreasonable.

Appellant relies on *Abbott Power Corp.* v. *Overhead Electric Co.* (1976) 60 Cal.App.3d 272 [131 Cal.Rptr. 508], which is distinguishable. There a New Mexico defendant (Uhl & Lopez) was accused of inducing a breach of contract between a prime contractor, Overhead Electric, and a subcontractor, plaintiff Abbott, by arbitrarily refusing to approve the plaintiff's engineering documents. The case is distinguishable because the court upheld jurisdiction on the alternative ground that the New Mexico defendant committed acts in California by sending three letters to California objecting to the plaintiff's plans. The letters constituted "in substantial part the instrumentality of the tort of which plaintiff complains, intentional interference with a contractual relationship. The sending of these three letters into California constituted, therefore, the doing of a significant act in California." (*Id.* at p. 279.) Appellant relies upon the portion of the opinion dealing with the defendant's acts in New Mexico causing an effect in California by intentionally interfering with a contract between two California corporations. Again, however, one of the factors the court relied upon in concluding the exercise of jurisdiction was reasonable is that the tort was "directly related to and, for the most part, arises out of" the sending of the three letters, which occurred within California. (*Id.* at p. 281.)

Appellant also misplaces reliance upon *Burger King Corp.* v. *Rudzewicz* (1985) 471 U.S. 462 [85 L.Ed.2d 528, 105 S.Ct. 2174]. There, the defendant, a Michigan resident, was a franchisee of the plaintiff Florida franchisor and had a 20-year interdependent relationship with Burger King's Miami headquarters which justified assertion of Florida jurisdiction over him.

■ Finally appellant contends the trial court should have granted a continuance to enable appellant to conduct discovery to attempt to obtain evidence which would support jurisdiction. (See *Mihlon* v. *Superior Court* (1985) 169 Cal.App.3d 703, 710 [215 Cal.Rptr. 442].) In his request for continuance appellant did not suggest that discovery was likely to produce evidence of additional California contacts by respondent Philips relating to this transaction. He only suggested a desire to find out if respondent was

engaged in "substantial lending activities in California." The granting of a continuance for discovery lies in the discretion of the trial court, whose ruling will not be disturbed in the absence of manifest abuse. (*Vanderbilt Growth Fund, Inc.* v. *Superior Court* (1980) 105 Cal.App.3d 628, 638-639 [164 Cal.Rptr. 621].) We find no abuse of discretion. In light of the showings already made, the court could reasonably conclude further discovery would not likely lead to production of evidence establishing jurisdiction.

The trial court properly quashed service of summons on respondent Philips.

### INCONVENIENT FORUM

Plaintiff and appellant Beckman is a California resident.

■ Prior to 1986, California Supreme Court cases clearly established that if the plaintiff is a California resident, the doctrine of forum non conveniens does not permit the dismissal (as distinguished from a stay) of the action. (*Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481, 485 [47 Cal.Rptr. 201, 407 P.2d 1]; *Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738, 742-743 [59 Cal.Rptr. 101, 427 P.2d 765]; *Archibald* v. *Cinerama Hotels* (1976) 15 Cal.3d 853, 858-859 [126 Cal.Rptr. 811, 544 P.2d 947].)[3] This rule was not derived from a mere balancing of conveniences. It reflected over-riding state public policy, assuring California residents that they could obtain redress for their grievances in California courts, which are maintained for their benefit; it reflected the state's strong interest in assuring that its citizens are not denied damages because of the inconvenience or expense of bringing suit in a distant jurisdiction. (*Thomson* v. *Continental Ins. Co., supra*; *Archibald* v. *Cinerama Hotels, supra*, 15 Cal.3d at p. 859.)

In 1986 the Legislature temporarily modified this rule by amending Code of Civil Procedure section 410.30, subdivision (a), the inconvenient forum statute which permits a court to stay or dismiss an action if in the interest of substantial justice it should be heard in a forum outside this state. The amendment provided, "The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action." (Stats. 1986, ch. 968, § 4, p. 3347.)[4]

This amendment was only temporary, however; it had a sunset provision. The last paragraph of the statute as amended in 1986 provided, "This section

---

[3]This rule was very recently mentioned again by the California Supreme Court, but only to distinguish it in a case involving a nonresident plaintiff. (*Stangvik* v. *Shiley Inc.* (1991) 54 Cal.3d 744, 755 [1 Cal.Rptr.2d 556, 819 P.2d 14].)

[4]During the effective period of this amendment two court decisions interpreted it differently. In *Credit Lyonnais Bank Nederland, N.V.* v. *Manatt, Phelps, Rothenberg & Tunney* (1988) 202 Cal.App.3d 1424, 1435 [249 Cal.Rptr. 559], the court concluded the plaintiff's California

shall remain in effect only until January 1, 1992, and as of that date is repealed, unless a later enacted statute, which is enacted before January 1, 1992, deletes or extends that date. If that date is not deleted or extended then, on and after January 1, 1992, pursuant to Section 9611 of the Government Code, Section 410.30 of the Code of Civil Procedure, as amended by Section 1 of Chapter 601 [of] the Statutes of 1972, shall have the same force and effect as if this temporary provision had not been enacted."

The Legislature did not later enact a statute, prior to January 1, 1992, deleting or extending the date of the temporary provision. Consequently, under both the language of the enacting statute and of Government Code section 9611 on which it is based, the temporary provision that, "The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action" is no longer in effect.[5]

We are presented the question which law should be applied to this appeal. Appellant's complaint, respondent's motion to dismiss based on inconvenient forum, and the trial court's order dismissing the action were all filed while the temporary provision was in effect. The temporary provision was repealed, by its own terms, January 1, 1992, while this appeal was pending.

We conclude (1) the law is now again as declared by the courts prior to 1986, that ordinarily an action cannot be dismissed on the ground of inconvenient forum if the plaintiff is a California resident, and (2) this law is applicable to this appeal and compels reversal of the trial court's order.

Respondent argues we should apply the law in existence at the time of the trial court's judgment. Respondent cites the general rule that statutes are presumed to operate prospectively in the absence of express legislative declaration. This principle is not applicable here.

First, the statute does have its own express legislative declaration. By its own terms, if the deadline for repeal of the 1986 temporary provision was

residency was no longer entitled to any special emphasis. In *Northrop Corp.* v. *American Motorists Ins. Co.* (1990) 220 Cal.App.3d 1553, 1560-1563 [270 Cal.Rptr. 233], the court concluded the plaintiff's California residency was still to be weighed very heavily in the exercise of trial court discretion.

[5]Government Code section 9611 provides, "Notwithstanding any other provision of this chapter, whenever a provision of law is temporarily suspended, or is expressly or impliedly modified or repealed by a provision which is declared to be effective for only a limited period, the original provisions are not to be deemed repealed, but upon the expiration of the time of the temporary suspension or the effectiveness of the inconsistent provision, the original provision shall have the same force and effect as if the temporary provision had not been enacted."

not deleted or extended, the 1972 version "shall have the same force and effect as if the temporary provision had not been enacted."

Respondent overlooks that we deal here with a repeal, not a "retroactive" application of a new statute. (See *Callet* v. *Alioto* (1930) 210 Cal. 65, 67 [290 P. 438].) "Any statute may be repealed at any time, except when vested rights would be impaired. Persons acting under any statute act in contemplation of this power of repeal." (Gov. Code, § 9606.) If all persons are presumed to know that any statute may be repealed at any time, they are even more so on notice that a temporary statute, which expressly declares in advance its tentative date of repeal, may be repealed.

■ Where a right or remedy did not exist at common law but is dependent on a statute, the repeal of the statute without a savings clause destroys such right unless it has been reduced to a final judgment. (*Graczyk* v. *Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997, 1006-1007 and fn. 5 [229 Cal.Rptr. 494, 58 A.L.R.4th 1245]; *Penziner* v. *West American Finance Co.* (1937) 10 Cal.2d 160, 170-171 [74 P.2d 252]; *Moss* v. *Smith* (1916) 171 Cal. 777, 787-790 [155 P. 90]; *People* v. *Bank of San Luis Obispo* (1910) 159 Cal. 65, 67 [112 P. 866]; *Napa State Hospital* v. *Flaherty* (1901) 134 Cal. 315, 317-318 [66 P. 322].) If the judgment is not yet final because it is on appeal, the appellate court has a duty to apply the law as it exists when the appellate court renders its decision. (*Western etc. Lbr. Co.* v. *Cal. Emp. Com.* (1943) 58 Cal.App.2d 403, 411 [137 P.2d 76]; *Governing Board* v. *Mann* (1977) 18 Cal.3d 819, 830-831 [135 Cal.Rptr. 526, 558 P.2d 1]; *People* v. *Bank of San Luis Obispo, supra,* 159 Cal. at pp. 79-80; *First National Bank* v. *Henderson* (1894) 101 Cal. 307, 309 [35 P. 899].)

■ In this case the temporary statute modified the common law rule that ordinarily a case may not be dismissed for inconvenient forum if the plaintiff is a California resident; the temporary statute made it easier for a court to dismiss the action notwithstanding the plaintiff's California residency. This did not, however, create a vested property right in a defendant to have the action dismissed. Respondent's judgment was not final before the temporary remedy was repealed.

We therefore apply the law as it exists today. The order of dismissal must be reversed because it is contrary to the line of California Supreme Court cases precluding dismissal of a California plaintiff's action.

CONCLUSION

The order quashing service of summons on respondent Philips Credit Corporation for lack of personal jurisdiction is affirmed. The order of

dismissal on the ground of inconvenient forum is reversed. The parties are to bear their own costs on appeal.

Turner, P. J., and Boren, J., concurred.