Filed 12/7/15  P. v. Barajas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Appellant,

v.

JOSE RUBEN BARAJAS,

    Defendant and Respondent.

E061893

(Super.Ct.No. SWF029862)

OPINION

APPEAL from the Superior Court of Riverside County.  Timothy Freer, Judge.

Reversed.

Michael A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Plaintiff and Appellant.

Steven L. Harmon, Public Defender, and Joshua Knight, Deputy Public Defender, for Defendant and Respondent.

INTRODUCTION

The People appeal from an order dismissing the information against defendant Jose Ruben Barajas. They contend that the order was an abuse of discretion because defendant had been placed in a conservatorship under Welfare and Institutions Code section 5008, subdivision (h)(1)(B), or a "Murphy conservatorship," and the trial court erroneously concluded that the dismissal would have no effect on the conservatorship proceedings. We agree, and we reverse.

## FACTS AND PROCEDURAL BACKGROUND

In December 2009, defendant, in an unprovoked attack, stabbed his uncle multiple times in the arm, nose, back, and chest. A complaint was filed charging him with attempted murder (Pen. Code, §§ 664, 187, subd. (a)), infliction of great bodily injury (Pen. Code, §§ 12022.7, subd. (a), 1192.7, subd. (c)(8)), and personal use of a knife (Pen. Code, §§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)). The trial court declared a doubt as to defendant's mental competence, criminal proceedings were suspended under section 1368, and defendant was found mentally incompetent to stand trial. In April 2010, he was committed to Patton State Hospital.

In June 2011, the court found that defendant's mental competency had been restored, and criminal proceedings were resumed. Following a preliminary hearing, an information was filed charging defendant with attempted murder (Pen. Code §§ 664, 187, subd. (a)—count 1), mayhem (§ 203—count 2), and assault with a deadly weapon (Pen. Code §§ 245, subd. (a)(1), 667, 1192.7, subd. (c)(31)—count 3). Allegations of great bodily injury (Pen. Code, §§ 12022.7, subd. (a), 1192.7, subd. (c)(8)—counts 1 & 3), and

personal use of a knife (Pen. Code, §§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)—

counts 1 & 2), were also charged.

Three subsequent times, the trial court again declared a doubt as to defendant's

mental competency and again suspended proceedings under section 1368. Each time,

defendant was found mentally incompetent to stand trial, and he was again committed to

Patton State Hospital. The first two times, the trial court later found that defendant's

mental competency had been restored, and the proceedings were resumed.

The third time, the trial court put the district attorney's office on notice to initiate

the filing of a Murphy conservatorship. The conservatorship investigator's report

recommended that defendant should be placed in a Murphy conservatorship and placed in

a locked facility.

On June 25, 2014, in probate case No. RIP1400260, counsel stipulated that

defendant met the requirements for a Murphy conservatorship, and the trial court granted

the conservatorship petition and appointed the "Public Guardian" as defendant's

conservator. Defendant was again placed at Patton State Hospital.

On June 30, 2014, defendant's counsel filed an invitation to the trial court to

dismiss the information on its own motion under Penal Code section 1385,

subdivision (a). The basis for the request was that defendant had "reached his maximum

confinement time in [Penal Code section] 1368 status and is currently under a Murphy

Conservatorship." Over the People's objection that such a dismissal would negate the

Murphy conservatorship, the trial court dismissed the information. The trial court

ordered, "Court orders made on 6/25/14 on defendant's probate case number RIP1400260

3

remain in full force and effect: 'Court orders conservatee be placed at Patton State Hospital as recommended by Riverside County Department of Mental Health.'"

The People appealed.

DISCUSSION

**Statement of Reasons for Dismissal**

The trial court dismissed the information on July 17, 2014. At the hearing, the trial court gave a lengthy statement of the reasons for its order, including the rights of society, of defendant, and of the victim; the fact that defendant had been in some form of custody since 2009; the fact that psychiatrists had found it highly unlikely that defendant would regain mental competency; the seriousness of the charges; and the court's own observations of defendant in court. The court observed that the conservatorship had already been established, and "having a case linger is not in the interest of justice for all people." Finally, the court stated that in the unlikely event defendant did regain his mental competency, the district attorney had the power to renew the charges. The minute order stated merely, "Case dismissed pursuant to 1385 PC on motion of Defense Counsel. (Case is not dismissed for judicial efficiency.)"

The language of Penal Code section 1385 in effect at the time of the trial court's order required that the reasons for dismissal be stated on the record and entered upon the minutes. The California Supreme Court had interpreted those requirements as mandatory and had held that failure to comply required reversal and remand "at least for the purpose of allowing the trial court to correct the defect by setting forth its reasons in a written order entered upon the minutes." (*People v. Bonnetta* (2009) 46 Cal.4th 143, 153.)

4

The People contend the order must be reversed and the matter remanded because the trial court failed to enter its reasons for the order in the minutes as required by Penal Code former section 1385 as interpreted by the courts. However, "[i]f the judgment is not yet final because it is on appeal, the appellate court has a duty to apply the law as it exists when the appellate court renders its decision." (*Beckman v. Thompson* (1992) 4 Cal.App.4th 481, 489.) Penal Code section 1385 was amended effective January 1, 2015. (Stats. 2014, ch. 137, § 1 [Sen. Bill No. 1222].) That section now provides, "The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter." (Pen. Code, § 1385, subd. (a).) Under the current version of the statute, remand is not required. The trial court stated the reasons for its order on the record, and no party requested that the reasons be entered in the minutes.

**Ripeness**

Defendant argues that this case does not present a controversy ripe for adjudication, but rather the People seek an advisory opinion regarding the dismissal of criminal charges on an existing Murphy conservatorship. We disagree. The issue before us is whether the trial court abused its discretion in dismissing the information against a defendant who is currently the subject of a Murphy conservatorship while simultaneously ordering that the Murphy conservatorship continue.

5

**Dismissal of Information During a Murphy Conservatorship**

*Standard of Review*

We review a trial court's order dismissing the information under Penal Code section 1385 for an abuse of discretion. (*People v. Uribe* (2011) 199 Cal.App.4th 836, 858.) A trial court abuses its discretion when it bases its decision "'on impermissible factors [citation] or on an incorrect legal standard.'" (*Ibid.*)

*Analysis*

A defendant charged with a felony who is adjudged not competent to stand trial as a result of a mental disorder may be committed to a state hospital for no more than three years. (*People v. Reynolds* (2011) 196 Cal.App.4th 801, 806 [Fourth Dist., Div. Two].) After that period, further commitment is permitted only if the requirements for a conservatorship under the Welfare and Institutions Code have been met. (*County of Los Angeles v. Superior Court* (2013) 222 Cal.App.4th 434, 444.) The Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.) governs involuntary commitment proceedings. Under the LPS Act, persons who are gravely disabled as a result of a mental disorder may be placed under renewable one-year conservatorships. (Welf. & Inst. Code, § 5361; *People v. Karriker* (2007) 149 Cal.App.4th 763, 774-775.)

The LPS Act contains two definitions of "gravely disabled." Under Welfare and Institutions Code section 5008, subdivision (h)(1)(A), gravely disabled is defined as "[a] condition in which a person, as a result of a mental health disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter." A conservatorship under the first definition is sometimes referred to as an LPS conservatorship. (See

6

*County of Los Angeles v. Superior Court, supra*, 222 Cal.App.4th at p. 445.) For a conservatee under this first definition, "the court is required to place the conservatee in the least restrictive available placement." (*Ibid.*)

Under Welfare and Institutions Code section 5008, subdivision (h)(1)(B), gravely disabled is defined as "[a] condition in which a person has been found mentally incompetent under Section 1370 of the Penal Code and all of the following facts exist: [¶] (i) The indictment or information pending against the person at the time of commitment charges a felony involving death, great bodily harm, or a serious threat to the physical well-being of another person. [¶] (ii) The indictment or information has not been dismissed. [¶] (iii) As a result of a mental health disorder, the person is unable to understand the nature and purpose of the proceedings taken against him or her and to assist counsel in the conduct of his or her defense in a rational manner."

A conservatorship imposed under that second definition is known as a Murphy conservatorship, after the legislator who sponsored the amendment adding the definition to the LPS Act. (*People v. Karriker, supra*, 149 Cal.App.4th at p. 775.) The Murphy conservatorship was intended to address those who present a danger to the community and, therefore, warrant a more restrictive type of commitment. (*County of Los Angeles v. Superior Court, supra*, 222 Cal.App.4th at p. 445.) "[T]he priority is public safety, not the least restrictive available placement." (*Ibid.*) "The placement must be one 'that achieves the purposes of treatment of the conservatee and protection of the public.'" (*Ibid.*)

7

In ordering that the information be dismissed but that the Murphy conservatorship remain in effect, the trial court apparently interpreted Welfare and Institutions Code section 5008, subdivision (h)(1)(B), to require that the information be pending only at the time the conservatorship was initiated. We disagree. The statutory definition of gravely disabled as applicable to a Murphy conservatorship includes the requirement that the information has not been dismissed. (Welf. & Inst. Code, § 5008, subd. (h)(1)(B)(ii).) We interpret that as a continuing requirement. As noted *ante*, a Murphy conservatorship is limited to a one-year commitment period, after which the conservator bears the burden of proving that the conservatee remains gravely disabled under the definition set forth in Welfare and Institutions Code section 5008, subdivision (h)(1)(B). (Welf. & Inst. Code, § 5361.) That definition includes the requirement that the information has not been dismissed. Without a pending information, therefore, only an LPS conservatorship remains available, and such a conservatorship provides a lesser level of protection to the community than does a Murphy conservatorship.

We conclude that the trial court's order was inconsistent with the statute and, therefore, constituted an abuse of discretion.

DISPOSITION

The order appealed from is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
                                             J.

We concur:

HOLLENHORST _____
          Acting P. J.

KING _____
          J.