Filed 8/23/22  McBride v. National Default Servicing Corp. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BARBARA MCBRIDE, as Trustee, etc.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION et al.,<br><br>    Defendants and Respondents. | A161487<br><br>(Solano County<br>Super. Ct. No. FCS050749) |

Plaintiff Barbara McBride alleges she became the successor trustee and/or successor in interest of her family trust following the death of her parents.  She sued defendants National Default Servicing Corporation, Select Portfolio Servicing, Inc., and "Deutsche Bank National Trust Company"[1] for violations of Civil Code sections 2923.7 and 2920.7 after defendants initiated a foreclosure of the trust's real property.  The trial court sustained defendants' demurrer to McBride's fifth amended complaint based on the Legislature's repeal of section 2920.7.  (Civ. Code, former § 2920.7, subd. (o).)

---

[1] This defendant responded as "Deutsche Bank National Trust Company, as Trustee, on Behalf of the Holders of WAMU Mortgage Pass-through Certificates, Series 2005-AR11 [erroneously sued as 'Deutsche Bank National Trust Company']."  We will refer to it hereafter as Deutsche Bank.

For the reasons detailed below, we agree with the trial court and affirm the order.

## I.

## BACKGROUND

In her fifth amended complaint, McBride alleged that in 2005 her parents, acting as trustees of the family trust, obtained a $650,000 loan secured by real property located in Benicia, California. The original lender and trustee of the deed of trust (Deed) assigned the Deed to defendant Deutsche Bank.

McBride's parents died several years later. McBride attempted to assume the loan for the Benicia property as the successor in interest for the family trust. She alleges that defendants violated her rights under the California Homeowner Bill of Rights (HBOR; Civ. Code,[2] § 2923.4 et seq.) when they denied her loan assumption application despite her creditworthiness, and failed to provide information about the loan and foreclosure-prevention alternatives.

In the months following defendants' denial of McBride's loan assumption application, defendant National Default Servicing Corporation became the successor trustee to the Deed and executed and recorded a "Notice of Default and Election to Sell under Deed of Trust."

McBride sued defendants for violating former section 2920.7 and section 2923.7 of the HBOR. At the time she first filed suit in April 2018, former section 2920.7 set forth a mortgage servicer's obligations to a successor in interest to real property following the borrower's death. It also provided the successor in interest with the same rights under section 2923.7

---

[2] All statutory references are to the Civil Code, unless otherwise indicated.

2

as those afforded to the borrower.  (Former § 2920.7, subds. (a)–(d), (e)(1); § 2923.7.)

While McBride's HBOR claims were pending, section 2920.7 expired per that statute's sunset provision.  Defendants demurred on the ground that the Legislature's repeal of section 2920.7 was fatal to McBride's HBOR claims.  McBride argued she had adequately stated a section 2920.7 claim because it was irrelevant that the statute had sunset.  The trial court agreed with defendants, sustained the demurrer without leave to amend, and dismissed the action.  This appeal followed.

## II.

## DISCUSSION

We review an order sustaining a demurrer de novo, exercising our independent judgment as to whether, as a matter of law, the complaint states a cause of action.  (See *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.)  We assume the truth of all material factual allegations together with those matters subject to judicial notice.  However, we will not assume the truth of contentions or conclusions of fact or law.  Where the demurrer was sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment.  The burden of proving the reasonable possibility is on the plaintiff.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

### A.  *The Section 2920.7 Claim*

We first determine whether the trial court erred in dismissing McBride's section 2920.7 claim based on the statutory repeal rule.  Section 2920.7 provided the basis for McBride's first claim, in which she alleged that defendants improperly denied her request to assume the loan, and that defendants improperly recorded a notice of default on the property

3

in Benicia.  Section 2920.7 also gave her standing for her second claim, brought under section 2923.7, in which McBride alleged that the mortgage servicer failed to provide a single point of contact as required by that statute. Consequently, our starting point is deciding whether the trial court properly analyzed section 2920.7's sunset provision.

When McBride initiated her action, section 2920.7, former subdivision (n) stated:  "This section shall remain in effect only until January 1, 2020, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2020, deletes or extends that date." (Stats. 2016, ch. 838, § 2.)  Senate Bill No. 1183 (2017–2018 Reg. Sess.) later amended section 2920.7, but kept the identical repeal language and date in the statute, only moving it to subdivision (o).  (Stats. 2018, ch. 136, § 1; former § 2920.7, subd. (o).)  Thus, since January 1, 2017, section 2920.7 has contained language explicitly identifying the date on which it would be repealed.  Our research has not revealed, and neither party contends, that the Legislature enacted a new statute.  We are therefore concerned only with the effect of the sunset provision on McBride's section 2920.7 case, which was pending when the statute expired on January 1, 2020.

McBride argues the trial court erroneously dismissed her section 2920.7 claim for two reasons:  First, she argues that the statute was not repealed, and second, that a saving clause preserved her claim.  We disagree on both counts.

McBride first argues that her section 2920.7 claim is still valid because the statute expired pursuant to a sunset provision, rather than being repealed.  McBride does not distinguish between the two. By its clear terms, the statute was automatically repealed on January 1, 2020, and it is of no

material difference here whether McBride characterizes that language as a sunset provision or a repeal provision.

The rule regarding causes of action based on a repealed statute is well established: Even if the action is pending, the claims that are wholly dependent on a statute are abated by the repeal unless there is a saving clause. (*Younger v. Superior Court* (1978) 21 Cal.3d 102, 109.) " ' "The justification for this rule is that all statutory remedies are pursued with full realization that the legislature may abolish the right to recover at any time." ' " (*Ibid*.) As the trial court recognized, this principle is codified in Government Code section 9606, which states: "Any statute may be repealed at any time, except when vested rights would be impaired. Persons acting under any statute act in contemplation of this power of repeal." If parties are presumed to know that a statute may be repealed at any time, they are on even greater notice when, as here, a statute expressly states its tentative date of repeal. (*Beckman v. Thompson* (1992) 4 Cal.App.4th 481, 489 (*Beckman*).)

In *Beckman,* the appellate court applied the statutory repeal rule to Code of Civil Procedure section 410.30, the inconvenient forum statute. In 1986, the Legislature temporarily modified that statute, making it easier for courts to dismiss an action if substantial justice warranted that the matter be heard outside of California. That amendment was temporary, however, and the last paragraph provided that it would " 'remain in effect only until January 1, 1992, and as of that date is repealed, unless a later enacted statute . . . deletes or extends that date.' " (*Beckman, supra,* 4 Cal.App.4th at p. 487, citing Stats. 1986, ch. 968, § 4, p. 3347.) The trial court dismissed the case consistent with the amendment's last paragraph, and the order was appealed. Finding that the temporary provision was repealed by its own

5

terms while the appeal was pending, the Court of Appeal applied the law as it was before 1986. It held that where a right does not exist at common law but is dependent on a statute, that statute's repeal without a saving clause destroys that right, unless it has been reduced to a final judgment. (*Beckman*, at p. 489; see also *Graczyk v. Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997, 1006–1007.) The reviewing court must decide the case under the law that is in effect when its decision is rendered. (*Physicians Com. for Responsible Medicine v. Tyson Foods, Inc.* (2004) 119 Cal.App.4th 120, 125.)

Here, McBride's two causes of action are wholly dependent on HBOR statutes and have no common law basis. The statute upon which her claims rest was repealed while her case was pending. Indeed, the statute expired even before her case had an operative complaint, precluding any argument that there had been a final judgment. McBride appears to argue that her claims should survive because they were brought before section 2920.7 was repealed. As discussed above, that argument must fail. McBride also distinguishes between a statute that is repealed by a sunset provision, with one that is effectively repealed by new legislation that contains terms that are irreconcilable with the older statute. (*Governing Board v. Mann* (1977) 18 Cal.3d 819, 828.) She argues that the latter situation indicates a legislative intent to apply the new legislation retroactively. However, the statute at issue here was not replaced with new statutory language and it does not contain any provision for retroactive application. We note that the repeal of a statutory right is distinct from the retroactive application of a statute. (*Physicians Com. for Responsible Medicine v. Tyson Foods, Inc., supra,* 119 Cal.App.4th at p. 125.) And a repeal may be applied to pending actions without triggering retroactivity concerns. (*Zipperer v. County of*

6

*Santa Clara* (2005) 133 Cal.App.4th 1013, 1023.) We are not persuaded by McBride's retroactivity argument.

McBride argues for the first time in her reply brief that her rights had vested under section 2920.7 at the time of the repeal. She has forfeited this argument since she failed to raise it in her opening brief. (*Nolte v. Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1410.) Even assuming that the argument was timely made, it is still unavailing. McBride asserts that her rights under section 2920.7 vested when she notified defendants of her mother's death. But a statutory remedy does not vest until final judgment, even in cases where a party has asserted a valid claim before the repeal. (*South Coast Regional Com. v. Gordon* (1978) 84 Cal.App.3d 612, 619.) When section 2920.7 was extinguished, any right McBride had to assume the loan had not been perfected and there had been no final judgment. She cannot be said to have had a vested interest. (*Napa State Hospital v. Flaherty* (1901) 134 Cal. 315, 317.)

We conclude that the sunset provision in section 2920.7 eliminated McBride's rights under that statute absent a saving clause, and that the trial court committed no error on this point.[3]

---

[3] In her reply brief, McBride argues that the repealed HBOR statutes govern events that occurred before they were repealed, citing for the first time to three federal district court decisions. We conclude that she has forfeited this argument because she failed to raise it in her opening brief, and the cited decisions are not binding. (*Nolte v. Cedars-Sinai Medical Center, supra,* 236 Cal.App.4th at p. 1410; *People v. Neer* (1986) 177 Cal.App.3d 991, 1000–1001.) Moreover, the cited decisions concern the statute which barred mortgage servicers from recording a notice of default while the borrower's loan modification application was pending, former section 2923.6, subdivision (c). That statute has its own legislative history, distinct from the statute at issue here, and is not relevant to this matter.

McBride's second argument asserts that Senate Bill No. 818 (2017–2018 Reg. Sess. (Senate Bill 818) contains a saving clause applicable to section 2920.7. (Stats. 2018, ch. 404, § 26.) Again, we disagree.

When the Legislature repeals a statute but intends to save the rights of litigants in pending actions, it may include a saving clause in the repealing act or in contemporaneous legislation. (*Bourquez v. Superior Court* (2007) 156 Cal.App.4th 1275, 1284.) The saving clause need not be express. But at a minimum the Legislature must "demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it." (*In re Pedro T.* (1994) 8 Cal.4th 1041, 1048–1049.)

Senate Bill 818 does not demonstrate a legislative intent to save pending claims brought under section 2920.7. Specifically, sections 25 and 26 of Senate Bill 818 contain saving clauses. (Stats. 2018, ch. 404, §§ 25, 26.) Neither saving clause is relevant here. Section 25 preserves claims arising under various sections being repealed or amended by Senate Bill 818 which, notably, does not include section 2920.7. (Stats. 2018, ch. 404, § 25; see *id.*, §§ 1–24.) Section 26 saves claims brought under statutes enacted by Senate Bill No. 900 (2011–2012 Reg. Sess.) or Assembly Bill No. 278 (2011–2012 Reg. Sess.). (Stats. 2018, ch. 404, § 26.) But section 2920.7 was not enacted by either of those—it was enacted by Senate Bill No. 1150 (2015–2016 Reg. Sess.). (Stats. 2016, ch. 838, § 2.) Thus, section 2920.7 does not fall within the scope of the saving clause in section 26 of Senate Bill 818.

Without a saving clause, the repeal of section 2920.7 abated McBride's first cause of action and she has not shown a reasonable possibility that these

defects can be cured.  The trial court did not err in sustaining defendants' demurrer without leave to amend.[4]

## B. The Section 2923.7 Claim

McBride argues that she sufficiently stated a cause of action under section 2923.7.  We agree with defendants that McBride does not have standing to assert this claim as a successor in interest.

Section 2923.7 sets forth the rights of a " 'borrower,' " which it defines as a natural person who is a "mortgagor or trustor."  (§ 2920.5, subd. (c)(1).) McBride does not allege facts in her complaint showing that she is the mortgagor or trustor.  She alleges only that she is the successor trustee or the successor in interest to the borrowers, her deceased parents.  Under the plain language of the statute, McBride does not qualify as the "borrower" entitled to the protections offered by that statute.

Nevertheless, McBride argues that she has standing because former section 2920.7 provided that a successor in interest had the same rights as a borrower under section 2923.7.  (Former § 2920.7, subd. (e)(1).)  As discussed above, the Legislature repealed section 2920.7 without a saving clause.  That extinguished McBride's rights as a successor in interest, with the result that she does not have standing for purposes of section 2923.7.

McBride has not demonstrated that the trial court erred in sustaining defendants' demurrer without leave to amend to her second cause of action for violations of section 2923.7.

---

[4] Since we find that the repeal of section 2920.7 abated McBride's claim, we do not reach her argument that she alleged sufficient facts to state a claim under that statute.

### C.  Section 2924, Subdivision (c) Claim

At the end of her reply brief, for the first time, McBride asks this court to reinstate her claim under section 2924, subdivision (c).  We decline to address an issue that was not raised in the opening brief.  (*Nolte v. Cedars-Sinai Medical Center*, *supra*, 236 Cal.App.4th at p. 1410.)

## III.

## DISPOSITION

The order sustaining defendants' demurrer is affirmed.


EAST, J.[*]


WE CONCUR:


HUMES, P. J.


BANKE, J.


A161487
*McBride v. National Default Servicing Corporation*

---

[*] Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.