Filed 1/13/26  P. v. Willis CA1/4

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHON JERMAINE WILLIS,<br><br>    Defendant and Appellant. | A171740<br><br>(San Mateo County<br>Super. Ct. No. 24SM009419A) |

Jonathon Willis appeals from his conviction for attempted residential burglary (Pen. Code, §§ 664, 460 subd. (a)).[1]  Willis's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), summarizing the facts and procedural history and asking this court to independently review the record to identify any issues warranting review.  Willis was advised of his right to file a supplemental brief, but he did not do so.  We affirm but remand for the trial court to correct the abstract of judgment.

## I.    BACKGROUND

On June 20, 2024, the San Mateo County District Attorney filed a complaint charging Willis with first degree residential burglary. (§ 460, subd. (a)).  The burglary was alleged to have occurred on May 24, 2024.  The complaint further alleged that the burglary was committed when another

---

[1] All undesignated statutory references are to the Penal Code.

person, other than an accomplice, was present in the residence, thus giving notice that a conviction would constitute a violent felony conviction (§ 667.5, subd. (c)).  The complaint also included two misdemeanor drug paraphernalia charges (Health & Safety Code, § 11364) and one misdemeanor count of possessing burglary tools (§ 466).  These offenses were alleged to have occurred on June 3 and June 19, 2024.

A preliminary hearing was held on July 5, 2024.  A City of San Mateo police officer testified that on May 24, 2024, he responded to a report from S.L. who owned a home on Norfolk Street in San Mateo.  She related that she was at work when she looked at her home surveillance camera and saw a car pull into the driveway.  A man got out and walked around her house into the backyard.  She could see the man opened the door to a "shed that was attached to the house, looked through the shed, and then walked back towards the front of the house," looked around, and then left.

The officer also spoke to S.L.'s son, J.L.  J.L. resided at the location and was home throughout the time of the events captured by the surveillance camera and observed by his mother.  He did not see or hear anything.

The officer also testified to viewing the surveillance camera footage himself.  The officer stated that it showed a white sedan pull into the driveway.  A man got out and walked into the backyard.  The man pulled open the door to the "shed that was attached to the house, look[ed] inside, closed the shed door, and walked around the other side of the building . . . ."  The man looked at the door and windows at the front of the house and then got in the car and left.  Still photographs extracted from the surveillance video showing the backyard and shed and a man looking inside the shed were received in evidence.

2

The officer was able to identify the type of vehicle seen in the video and its license plate. Using the license plate, he learned that the vehicle was registered to Willis. Comparing a state issued photograph of Willis with the photo of the man seen in the surveillance video, the officer opined that the two individuals were "very similar" in appearance. Based on this, the officer then made an in-court identification of Willis as the man seen in the surveillance video. The officer also spoke to Willis's probation officer who confirmed that it was Willis in the surveillance video and that Willis drove a vehicle of the same make and model as that seen in the video.

The officer testified that he subsequently learned that on June 3, 2024, another City of San Mateo police officer had stopped Willis driving the same car seen on the surveillance video. During that stop, a methamphetamine pipe was found in the vehicle. The officer further testified that on June 19, 2024, yet another City of San Mateo police officer stopped Willis driving the same car. During that investigation, the officer located a methamphetamine pipe and burglary tools in Willis's car.

At the conclusion of the preliminary hearing, Willis's counsel argued that the "shed" was not an inhabited part of the building and therefore the conduct did not qualify as a first-degree residential burglary. He also argued that there was no entry because the door to the shed opened outward and the defendant was only seen opening the door and looking inside, and therefore, at most, the conduct qualified as an attempted burglary. The prosecutor argued that the shed was attached to the house and shared the same roof and therefore it was "functionally interconnected" with and immediately contiguous to the house, and therefore it qualified as an inhabited part of the dwelling under *People v. Rodriguez* (2000) 77 Cal.App.4th 1101. Willis was held to answer on all charges in the complaint.

Willis was arraigned on the information on July 18, 2024. The information included the same charges as originally alleged in the complaint. However, it included an enhancement to the burglary charge, alleging Willis had been convicted previously of three separate serious felonies in 2014 and 2016, specifically for residential burglary. Other enhancements were also added, alleging that each of those prior convictions was a serious felony pursuant to section 667, subdivision (a), and alleging that Willis was presumptively ineligible for probation pursuant to section 1203, subdivision (e)(4). Willis entered not guilty pleas and denied all special allegations.

Willis then moved pursuant to section 995, subdivision (a)(2)(B) to set aside the felony residential burglary charge. He argued that the evidence at the preliminary hearing did not support a finding that the shed was part of the residence because there was "no door or other opening from the shed into the house" nor did it support a finding that Willis entered the shed, therefore, Willis was committed without probable cause.

As to the first point, the prosecution argued that the evidence need only show the structure was " ' "functionally interconnected with and immediately physically contiguous to other portions of the house" ' " pursuant to *People v. Jackson* (2010) 190 Cal.App.4th 918, 925. The prosecution further argued that the absence of an interior door did not automatically relegate the offense to a second degree burglary pursuant to *People v. Rodriguez, supra*, 77 Cal.App.4th at page 1111.

As to the second point, the prosecution argued that the evidence need only show the intruder penetrated the space beyond a door or a window whether open or closed, because a reasonable person would understand that permission would be needed to do so, citing *People v. McEntire* (2016) 247

4

Cal.App.4th 484, 493. The prosecution claimed the evidence met this standard.

At the hearing on the motion, the court agreed with the prosecution on the first point but not the second. The court stated that the evidence showed defendant Willis had pulled open the door to the shed, looked inside and walked away. The court noted his body did not move into the shed. The court found sufficient evidence in the record to modify the charge to an attempted residential burglary "based on the conduct described at the preliminary hearing" because "[w]hile the door was opened; it was not a completed burglary." Accordingly, it granted the motion to set aside the order.

On October 14, 2024, an amended information was filed, charging Willis with attempted residential burglary of an inhabited and occupied dwelling (§§ 664, 460, subd. (a)). All prior felony convictions and misdemeanors offenses previously charged were included in the amended information.

On the same date, Willis entered a plea of no contest to the attempted residential burglary charge in which he admitted that the offense constituted a serious felony pursuant to section 1192.7, subdivision (c), and one prior conviction for a serious or violent felony from 2014 pursuant to section 1170.12, subdivision (c)(1). He executed a waiver of rights form to this effect and answered the court's questions during the plea colloquy.

The court accepted Willis's plea and admissions, finding each to have been entered knowingly, intelligently and voluntarily. Willis waived a probation report, and the court pronounced sentence in accordance with the agreement between the parties. Specifically, it imposed a prison sentence of two years (the low-term of one year for the attempted residential burglary

5

doubled for the prior strike conviction) plus eight months for a probation violation in another case. The balance of the complaint was dismissed pursuant to the negotiations. The court also awarded Willis 118 actual days of custody credit and 118 days credit pursuant to section 4019 for a total of 236 days credit on the instant case and nine days credit on the probation violation. As part of his sentence, the court also ordered a DNA sample, a $300 restitution fine pursuant to section 1202.4 and an identical fine under §1202.45 that was suspended pending successful completion of post sentence supervision. The court waived the criminal conviction fee and the court operations fee.

The day after sentencing, an abstract of judgment was issued that included the court operations fee and the criminal conviction fee, which the trial court had waived. But it otherwise accurately reflected the sentence imposed.

The same day, Willis's counsel filed a notice of appeal and requested a certificate of probable cause pursuant to section 1237.5, subdivision (b). The grounds for the request were the "denial of the [section] 995 motion in this case and the denial of a motion to dismiss at the preliminary hearing."

The superior court denied the request for a certificate of probable cause, concluding that the grounds were not cognizable on appeal. It explained that the section 995 motion was brought on sufficiency of evidence grounds, an appeal of which was waived by his entry of plea. The court further stated that, to the extent a motion to dismiss was advanced at the preliminary hearing on the same grounds, it too was waived by entry of plea.

## II. DISCUSSION

Following *Wende's* guidelines, we have reviewed counsel's brief and the entire appellate record. (*Wende, supra*, 25 Cal.3d at p. 443.) Our review of

6

the record confirms the trial court did not abuse its discretion in denying Willis's request for a certificate of probable cause. After prevailing on his section 995 motion to set aside the felony residential burglary charge, Willis entered a plea of no contest to the amended charge of attempted residential burglary thereby waiving his rights to challenge the validity of that conviction on appeal. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(1)(A).)

Because the trial court denied Willis's request for a certificate of probable cause, his appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) Here, Willis entered into a negotiated disposition with the People, knowingly, intelligently and voluntarily waived his constitutional and statutory rights and the court imposed sentence in accordance with the plea agreement. Our review of the record does not reveal any cognizable post plea claims. Consequently, we affirm the conviction. (*Wende, supra*, 25 Cal.3d at p. 443.)

However, the abstract of judgment erroneously included the court operations fee and the criminal conviction fee that the trial court waived. The abstract of judgment should be modified to reflect that those fees were waived by the court.

## III.   DISPOSITION

We remand to the trial court for it to amend the abstract of judgment by removing the criminal conviction assessment and the court operations fee and to forward it to the Department of Corrections and Rehabilitation. The judgment is affirmed in all other respects.

7

_____
Moorman, J.*

WE CONCUR:


_____
Streeter, Acting P. J.


_____
Goldman, J.


A171740W/*People v. Willis*

* Judge of the Superior Court of California, County of Mendocino, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8